■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVIN SELLARS, Appellant.—Judgment, Supreme Court, New York County, rendered April 10, 1978, convicting defendant of bribery in the second degree and sentencing him as a second felony offender to a term of two to four years, unanimously affirmed. On this appeal from his conviction of bribery in the second degree, defendant contends primarily that (1) multiple errors by his trial counsel denied him his constitutional right to effective assistance of counsel; and (2) he was deprived of a fair trial by various actions of the Assistant District Attorney. We agree that defendant's trial counsel may have erred when he failed to request the trial court to charge the bribery defense set forth in section 200.05 of the Penal Law as he was indeed invited to do by the Judge, in view of the defendant's testimony that the arresting officers had beaten him and then demanded money. Contrary to counsel's apparent misunderstanding, he was not required to choose between the defense set forth in section 200.05 of the Penal Law, as to which the prosecution would have the burden of proof, and the entrapment defense set forth in section 40.05 of the Penal Law as to which the defendant would have the burden of proof. Defendant was entitled to both charges. Moreover, there is support in the record for the argument that defense counsel was insufficiently vigilant in objecting to proffered evidence with regard to uncharged and unrelated criminal activities. On the other hand, an examination of the record discloses that defense counsel for the most part acquitted himself capably. Considered as a whole we are not persuaded that he failed to exhibit the required "reasonable competence." (See *People v Aiken*, 45 NY2d 394; cf. *People v Droz*, 39 NY2d 457, 462; *People v La Bree*, 34 NY2d 257; *People v Bennett*, 29 NY2d 462.) Nor do we agree that defendant was denied a fair trial by various actions of the Assistant District Attorney challenged on this appeal. However, one aspect of the District Attorney's cross-examination of the defendant does merit criticism. After a *Sandoval* hearing, the trial court limited the cross-examination of the defendant with regard to previous criminal acts to three convictions. It appears that on the occasion of other arrests and convictions the defendant had used variations of his name and aliases. The Assistant District Attorney commenced the cross-examination by asking the defendant whether on particular dates, apparently dates on which he was arrested for criminal acts not subject to questioning under the *Sandoval* ruling, he had given a name other than his own. The trial court quickly intervened, directed a conference at the Bench, and then gave directions that effectively and appropriately limited this aspect of the cross-examination. The Assist-

ant District Attorney should have appreciated that these questions had the capacity to circumvent the trial court's ruling on the *Sandoval* motion and to alert the jury to criminal involvements by the defendant that the ruling was designed to exclude. This phase of the cross-examination should not have been undertaken without discussing the issue first with the Trial Judge and securing a preliminary ruling on its appropriateness and permissible extent. It was only the alertness of the trial court in intervening promptly that prevented this examination from developing prejudicial error sufficient to require reversal of the conviction. Concur—Kupferman, J. P., Sandler, Ross, Silverman and Carro, JJ.