■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OSWALDO DELGADO, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered September 26, 1977, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of defendant's motion to suppress physical evidence. Judgment reversed, on the law, motion to suppress physical evidence granted, and matter remitted to Criminal Term for further proceedings consistent herewith. The People failed to establish at the suppression hearing that there was probable cause for the arrest of defendant. On a motion to suppress, challenged police conduct can be sustained only by proof that the sender of the information resulting in the arrest possessed the requisite knowledge, or that the personal observations of the receiving officer justified the search. As such, it was incumbent on the People herein to produce, at the suppression hearing, the undercover officer, who had relayed the information to the arresting officer (see *People v Havelka,* 45 NY2d 636, 641; *People v Lypka,* 36 NY2d 210). Furthermore, where, as here, the sending and receiving officers are members of the same police department working closely together on a daily basis, where the People were given a full opportunity to present evidence at the hearing, and where the undercover officer was available to testify at the hearing, but the People chose only to offer the testimony of the arresting officer, the People are not entitled to a rehearing on the issue of probable cause (see *People v Havelka,* 45 NY2d 636, 644, *supra*). As such, the one-dollar bill taken from defendant at the time of the arrest must be suppressed. We note as well that the prosecutor improperly conducted his cross-examination of defendant by repeatedly inquiring as to whether he thought the prosecution's witnesses were lying. Such a tactic has repeatedly been condemned by this court (see *People v Crossman,* 69 AD2d 887; *People v Mariable,* 58 AD2d 877). Mollen, P. J., Cohalan, O'Connor and Weinstein, JJ., concur.