■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS E. JONES, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered March 30, 1979, convicting him of robbery in the second degree (two counts), criminal possession of stolen property in the third degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial of defendant's motion to suppress identification testimony and physical evidence. By order dated October 27, 1980 this court remitted the case to Criminal Term to transcribe that portion of the proceedings regarding jury selection which contained the court's decision on defendant's motion to suppress or, alternatively, to make findings upon the remand if it should appear that no findings of fact had been made. In the interim, the appeal has been held in abeyance *(People v Jones,* 78 AD2d 701). Criminal Term has now complied. Judgment reversed, on the law, motion to suppress physical evidence granted, and matter remitted to Criminal Term for further proceedings consistent herewith. "The People failed to establish at the suppression hearing that there was probable cause for the arrest of defendant. On a motion to suppress, challenged police conduct can be sustained only by proof that the sender of the information resulting in the arrest possessed the requisite knowledge, or that the personal observations of the receiving officer justified the search. As such, it was incumbent on the People herein to produce * * * [the sending officer] who had relayed the information to the arresting officer (see *People v Havelka,* 45 NY2d 636, 641; *People v Lypka,* 36 NY2d 210)" *(People v Delgado,* 79 AD2d 976). Furthermore, where, as here, the sending and receiving officers were members of the same police department and were working closely together, where the People were given a full opportunity to present evidence at the hearing, and where the sending officer was available to testify at the hearing, but the People chose to offer the testimony only of the arresting officer, the People are not entitled to a rehearing on the issue of probable cause (see *People v Havelka, supra,* p 644). Accordingly, the defendant's motion to suppress physical evidence should have been granted. Further, we note that if defendant is again convicted of robbery in the second degree and criminal possession of stolen

property in the third degree, the conviction of the latter would have to be vacated and that count dismissed (see *People v Coleman,*54 AD2d 1076). We have reviewed the remaining points raised in the briefs filed by appellant's counsel and by appellant *pro se* and find them to be without merit. Lazer, J. P., Cohalan, Margett and Weinstein, JJ., concur.