■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LYMAN GREEN, Also Known as ROBERT PETERSON, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Beldock, J.), rendered April 23, 1980, convicting him of criminal possession of a controlled substance in the third degree and criminal possession of a hypodermic instrument, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of defendant's motion to suppress physical evidence. Judgment reversed, on the law, motion to suppress physical evidence granted, indictment dismissed and the case is remitted to the Supreme Court, Queens County, for the purpose of entering an order in its discretion pursuant to CPL 160.50. Defendant was arrested as the result of a "buy and bust" operation following the alleged sale of narcotics to an undercover officer. At the suppression hearing, a member of the back-up team testified to his observations immediately preceding the arrest, and to the statements allegedly made to him by the undercover officer indicating that the latter had just purchased narcotics from the defendant. However, the undercover officer was not called as a witness at the suppression hearing. The observations of the back-up officer alone were not sufficient to establish the probable cause to arrest the defendant. Therefore, the judgment must be reversed. In a situation such as existed at bar, it was incumbent upon the People to produce, at the suppression hearing, the under-

cover officer who relayed the information to the arresting officer and whose reliability had been called into question by the defendant (see *People v Havelka,* 45 NY2d 636, 641; *People v Lypka,* 36 NY2d 210; *People v Jones,* 80 AD2d 876; *People v Delgado,* 79 AD2d 976; cf. *People v Jenkins,* 47 NY2d 722). Moreover, where, as here (1) the sending and receiving officers were members of the same police department and were working closely together, (2) the People were given a full and fair opportunity to present the requisite evidence at the suppression hearing, and (3) the sending officer was apparently available to testify at that hearing, the People are not entitled to a rehearing on the issue of probable cause (*People v Delgado, supra*). Since the property seized formed the sole basis for the defendant's conviction, the indictment must be dismissed. Mollen, P. J., Weinstein, Gulotta and Thompson, JJ., concur.