■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROSIE CALDERON, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Weiss, J.), rendered December 2, 1979, convicting her of criminal sale of a controlled substance in the sixth degree and criminal possession of a controlled substance in the sixth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of defendant's motion to suppress physical evidence. Judgment reversed, on the law, motion to suppress physical evidence granted, indictment dismissed and case remitted to Criminal Term for the purpose of entering an order in its discretion pursuant to CPL 160.50. The People failed to establish at the suppression hearing that there was probable cause to arrest the defendant. Both the LSD and the $181 found on defendant must be suppressed (see *People v Delgado*, 79 AD2d 976). We note as well that the prosecutor improperly conducted his cross-examination of defendant by repeatedly inquiring as to whether she thought the prosecution's witnesses were lying (*People v Delgado, supra*). Moreover, he was overzealous in his summation by making reference to matters outside of the evidence and appealing to the jurors' emotions by intemperate remarks referring to the jurors and their families as victims and dramatizing the relationship between the use of narcotics and crimes of violence. Gibbons, J. P., Weinstein, Thompson and Rubin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SANDRA EISENBERG, Appellant. — Appeal by defendant, as limited by her brief, from a sentence of the County Court, Nassau County (Harrington, J.), imposed October 23, 1981. Sentence affirmed. No opinion. This case is remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (subd 5). Damiani, J. P., Lazer, Gibbons and Rubin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD EVANS, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Bernstein, J.), rendered May 16, 1979, convicting him of robbery in the second degree (two counts), robbery in the third degree, criminal possession of stolen property in the first degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reversing the convictions and sentences for robbery in the second degree (two counts), robbery in the third degree and criminal possession of stolen property in the first degree and new trial ordered as to said counts. As so modified, judgment affirmed. It was improper for the prosecutor to question the defendant about aliases used in connection with arrests made where those arrests were not subject to cross-examination under a *Sandoval* ruling. The prosecutor elicited information which alerted the jury to criminal involvement by the defendant which was excluded by the ruling (*People v Sellars*, 74 AD2d 551). This error cannot be deemed harmless in view of the less than overwhelming proof of guilt, and the importance of the witnesses' credibility in reaching a verdict. Therefore, a new trial is required. However, the conviction of criminal possession of a weapon in the third degree must be affirmed since, at trial, defendant admitted having possessed the weapon. Mangano, J. P., Gulotta, O'Connor and Bracken, JJ., concur.