■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE P. GUADAGNO, Appellant. — Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered October 6, 1981, convicting defendant upon his plea of guilty of the crime of criminal possession of stolen property in the second degree. In two separate indictments, defendant was charged with the crimes of criminal possession of stolen property in the second degree and forgery in the second degree. The indictment charging the former crime was based on defendant's alleged possession of two stolen credit cards. A motion was made by defendant to suppress, *inter alia,* the two credit cards. At the suppression hearing, Investigator Lewis of the New York State Police testified that on May 22, 1981 he received a call from Trooper Guiry advising him that he had observed Robert Page, a fugitive wanted in connection with a felony charge in Oneida County, New York, and that Page was in a diner in Menands, New York; that he (Lewis) understood Page to be a member of a burglary gang, one of the members of which was on the Ten Most Wanted List for killing a police officer; that he (Lewis) knew Page and after calling for assistance he drove to the diner; that Trooper Guiry advised him that Page and two others left the diner and entered a 1975 tan Chrysler with temporary Rhode Island license plates; that he drove his car in front of the Chrysler, stopping it, and when Trooper Guiry arrived the three occupants were ordered to place their hands on their heads; and that Page was then removed from the car, arrested and transported to the State Police barracks. Investigator Cook, who was also at the scene when Page was arrested, testified that after Page was arrested he removed the driver of the vehicle from the car, searched the driver's seat for weapons and took from the middle of the dashboard two credit cards which contained names different from those given by the occupants of the car. Thereafter, defendant was removed from the back seat of the car and questioned as to his identity and his relationship with Page. Defendant's suppression motion was·denied and he subsequently entered a plea of guilty to the crime of criminal possession of stolen property in the second degree in full satisfaction of both indictments. He was sentenced to an indeterminate term of imprisonment with a minimum term of one and one-half years and a maximum of three years. This appeal ensued. It is defendant's contention that the court erred in denying his motion to suppress the two credit cards taken from his automobile. Initially, it is argued that the police action was not justified in its inception since Investigator Lewis relied on the observations of Trooper Guiry when the automobile was stopped and Page arrested, and Trooper Guiry did not testify at the suppression hearing. Where a police officer receives information from another officer leading to an arrest, the challenged police conduct, on a motion to suppress, can only be sustained by proof that the sender actually possessed the requisite knowledge or that the police conduct was justified by the personal observations of the receiving officer (*People v Havelka,* 45 NY2d 636; *People v Jones,* 80 AD2d 876). In the present case, the receiving officer, Investigator Lewis, testified that he knew who Page was at the time Page was arrested. Consequently, Page's arrest was justified by the personal observations of the receiving officer and Trooper Guiry's testimony at the suppression hearing was unnecessary (see *People v Mack,* 26 NY2d 311). Having concluded that the arrest of Page was valid, we must next determine whether the seizure of the credit cards contemporaneous with the arrest was proper. In this regard, the Court of Appeals has recently held that where police have validly arrested an occupant of an automobile, and they have reason to believe that the car may contain evidence related to the crime for which the

occupant was arrested or that a weapon may be discovered or a means of escape thwarted, they may contemporaneously search the passenger compartment without a search warrant (*People v Belton,* 55 NY2d 49, 54-55). On the present record, we are of the opinion that at the time of Page's arrest the police had reason to believe that the passenger compartment may have contained weapons and therefore, the search of the car resulting in the seizure of the credit cards was proper. Accordingly, defendant's motion to suppress was properly denied and the judgment must be affirmed. Judgment affirmed. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.