OPINION OF THE COURT
Wachtler, J.
The defendant has moved to suppress evidence seized at the time of his arrest for allegedly selling drugs to an undercover police officer who had informed the arresting officer of the sale. After a hearing, at which only the arresting officer testified, the trial court suppressed the evidence on constraint of certain Appellate Division decisions which hold the testimony of the undercover officer essential to establish probable cause under these circumstances. The Appellate Division affirmed, and the People have appealed. The issue is whether the People failed, as a matter of law, to meet their initial burden of showing probable cause for the arrest when they produced the arresting officer who testified that he relied on information from an undercover police officer who reported that he had just purchased drugs from the defendant.
The incident occurred in Queens County on March 2, 1981, and involves a team of New York City police officers specially trained in narcotics. On that date, the team was engaged in a “buy and bust” operation in which an undercover officer buys drugs from street dealers while “back up” officers follow the sellers and arrest them some distance away, after the undercover officer informs them that a sale has been completed and describes or identifies the seller. At approximately 4:30 p.m. that day, one of the backup officers, Detective McCarthy, was contacted on a police radio by the undercover officer who stated that he had just purchased heroin from “a male white, approximately 25, six feet, 150 pounds” wearing a blue jacket and black pants. The undercover officer also informed Detective McCarthy that the seller had entered a black Ford bearing a certain license plate and stated the “stash was in the trunk”.
*50 Detective McCarthy followed the vehicle for approximately six blocks. When the defendant stopped his vehicle, the officer placed him under arrest and searched him and the trunk of the car. In one of the defendant’s pants pockets the officer found four $5 bills and one $10 bill which he identified as “previously reported buy money”. From the trunk of the car the officer recovered a bundle of glassine envelopes containing white powder which proved to be heroin under laboratory analysis. The defendant was indicted for criminal possession and sale of a controlled substance. He moved to suppress the evidence seized at the time of his arrest.
At the hearing the only witness called by the People was the arresting officer, Detective McCarthy, who related the above events and identified the undercover officer by shield number. The defendant did not call any witnesses. The court originally denied the motion to suppress. However, on reargument the court granted the motion and suppressed the evidence on constraint of certain recently decided cases from the Appellate Division, Second Department, because the People had not called the undercover police officer to testify at the hearing. The court noted that “although constrained to follow the Appellate Division decisions” it found difficulty in reconciling the rule with other decisions from this court, and the United States Supreme Court, and observed that the rule would have a “chilling” effect on undercover police activities.
The Appellate Division affirmed in a brief memorandum stating: “The People concede that affirmance is mandated by this court’s prior decisions in People v Delgado (79 AD2d 976) and People v Petro (83 AD2d 566, app dsmd 56 NY2d 782), but urge that this court overrule those decisions. The holding in those cases followed the reasoning set forth by the Court of Appeals in People v Havelka (45 NY2d 636) and People v Lypka (36 NY2d 210), and has been followed by subsequent decisions of this court (see, e.g., People v Calderon, 88 AD2d 604; People v Green, 87 AD2d 892).”
The facts in the cases from this court cited by the Appellate Division (People v Havelka, 45 NY2d 636; People v Lypka, 36 NY2d 210) are substantially different from the facts of this case. It is true that in each of those cases the *51 arresting officer relied on information from another officer, and we held that the testimony of the sending officer was necessary to establish probable cause. However, the key factor in those cases is that the record did not indicate how the sending officer had acquired his information. In neither case did the record show that the sending officer had personal knowledge of the facts he transmitted and, indeed, in Havelka he had relied on a source or series of sources of unknown reliability.
The reason for the rule first announced in Lypka is illustrated by the Supreme Court decision in Whiteley v Warden (401 US 560) which was cited in Lypka. In Whiteley the arresting officer had relied on a radio bulletin that there was a warrant for the defendant’s arrest. The warrant had been obtained by another officer who had relied, in turn, on an “unnamed informant”, but did not provide sufficient facts in the warrant application to “support either the reliability of the informant or the informant’s conclusion that these men were connected with the crime” (Whiteley v Warden, supra, at p 567). The court noted (at p 568) that the arresting officers “were entitled to act on the strength of the radio bulletin. Certainly police officers called upon to aid other officers in executing arrest warrants are entitled to assume that the officers requesting aid offered the magistrate the information requisite to support an independent judicial assessment of probable cause. Where, however, the contrary turns out to be true, an otherwise illegal arrest cannot be insulated from challenge by the decision of the instigating officer to rely on fellow officers to make the arrest”. Thus, in that case, the police had acted as a conduit for an unknown source whose information did not facially constitute probable cause and could not be said to improve in quality merely because it had been relayed from one officer to another.
In the case now before us, the arrest was not based on information from an unknown source of unknown reliability. The evidence submitted to the court by the arresting officer shows that he relied on information from another officer on the narcotics team who had personally witnessed the defendant commit the crime just prior to the radio *52 transmission. This testimony by one of the officers involved in the operation would, if credited, establish probable cause for the arrest and there was no need for the People to also produce the undercover officer to support a finding of probable cause by the court. As the Supreme Court noted in United States v Ventresca (380 US 102, 111): “Observations of fellow officers of the Government engaged in a common investigation are plainly a reliable basis for a warrant applied for by one of their number”. Although that case dealt with a warrant, the same type of analysis is required when a court is called upon at a suppression hearing to determine whether the People have met their burden of coming forward with evidence establishing probable cause for an arrest (People v Dodt, 61 NY2d 408, 415; People v Bouton, 50 NY2d 130, 135).*
There may be cases in which the evidence presented at the hearing raises substantial issues relating to the validity of the arrest, the resolution of which could be aided by requiring the People to produce the undercover officer or by making him available to the defendant. But a per se rule requiring that he appear in every instance, as the defendant urges here, is unwarranted and could jeopardize the officer or his usefulness in pending or future investigations. Of course, the undercover officer may have to appear at a trial, if there is one, but there is no need for the People to produce all of their witnesses at a hearing where they only bear the burden of coming forward with evidence showing that there was probable cause for the arrest, and are not obligated to establish guilt beyond a reasonable doubt.
Contrary to the dissent’s contention, our rejection of the per se rule does not mean that the “decision of the police that there was probable cause to arrest and search defendant * * * is thus effectively insulated from challenge by *53 defendant”. The defendant is always free to cross-examine the arresting officer and any other witnesses produced by the prosecution and may, of course, call his own witnesses or testify on his own behalf with respect to his conduct prior to the arrest. This testimony may disclose to the court that probable cause was lacking, in which case the evidence will be suppressed, or may, as noted, present substantial questions concerning the legality of the police conduct in making the arrest which may only be resolved by producing the undercover police officer or making him available to the defendant. Absent such a showing, however, requiring the People to produce the undercover officer is gratuitous and can only serve to expose or compromise the undercover officer, disrupt pending investigations in which he may be involved, or provide the defendant with a means of pressuring the People into accepting a “better” plea in order to avoid these consequences. Thus the flexible rule we have adopted should reasonably accommodate the legitimate interests of the defendant without rendering impractical the “buy and bust” operations which have become an important, if not indispensable, part of police efforts to curtail illegal drug activity.
Accordingly, the order of the Appellate Division should be reversed, the motion to suppress denied, and the case remitted to the Supreme Court, Queens County, for further proceedings on the indictment.

 Several statements made by the dissent must be disclaimed in order to avoid confusion in future cases. First, we are not equating an undercover police officer with a private informant, “in terms of veracity, reliability and basis of knowledge”. It should be evident that we have taken the contrary position that a police officer working undercover is still a police officer and should not be equated with a mere private or civilian informant for the purposes of assessing the reliability of the information he provides. Secondly, the undercover officer’s report, which was included at the hearing in this case, was offered by the defendant in an effort to show that there was no basis, independent of the arrest, for searching the trunk of the car; it was not offered to challenge the legality of the arrest itself and therefore has no bearing on that issue.