■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT J. TROCCHIO, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Rohl, J.), rendered June 10, 1982, convicting him of sodomy in the first degree (two counts), upon a jury verdict and imposing sentence. The appeal brings up for review the denial (Seidell, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress evidence.

Judgment affirmed.

The decision of the hearing court that the police had probable cause to arrest the defendant was amply supported by the record *(see, People v McRay,* 51 NY2d 594, 602; *People v Petralia,* 62 NY2d 47, *cert denied* 469 US 852; *People v Chestnut,* 51 NY2d 14, *cert denied* 449 US 1018; *People v Duncan,* 75 AD2d 823, 824).

We reject the defendant's contention that the indictment was jurisdictionally defective because it merely alleged "deviate sexual intercourse" without greater specificity. There was never any uncertainty as to the specific act involved, as evidenced by the defendant's own statements. Moreover, the People promptly sent the defendant's attorney a "Voluntary

Disclosure" letter which particularized the nature of the deviate sexual intercourse alleged in the indictment. So long as a defendant receives sufficient information to put him on notice as to which acts specifically are being charged, a simplified indictment will not be dismissed as jurisdictionally defective *(see, People v Iannone,* 45 NY2d 589; *People v Bogdanoff,* 254 NY 16, 24).

We have examined the defendant's other contentions and have found them to be without merit. Mangano, J. P., Gibbons, Niehoff and Kunzeman, JJ., concur.