■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH NEWSOME, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Boklan, J.), rendered November 13, 1984, convicting him of criminal possession of stolen property in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Fertig, J.) after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to the police.

Ordered that the judgment is reversed, on the law, that branch of the defendant's omnibus motion which was to suppress statements made by him to the police is granted, and a new trial is ordered.

We find that the People failed to satisfy their burden of establishing the reliability of the challenged radio transmissions offered as predicates for a finding of reasonable suspicion to stop and probable cause to arrest the defendant *(see, People v Lypka,* 36 NY2d 210). Consequently, the defendant's motion to suppress the statements he made to the police following his arrest should have been granted.

The computer printouts offered by the People, which were undisputedly generated by an unidentified officer sometime after the defendant's arrest, have no bearing upon the earlier radio bulletins allegedly relayed to the arresting officers. Notwithstanding the fact that the defendant unambiguously challenged the validity of the computer printouts, the People offered nothing beyond these irrelevant printouts to prove the reliability of the two radio transmissions which allegedly reported that both the car the defendant was driving and the license plates it carried were stolen. These printouts could not replace the testimony of the sending officer who relayed the information to the arresting officers, nor did they establish the content or basis of the information received by the arresting officers *(see, People v Havelka,* 45 NY2d 636).

Where, as here, the People were given a full and fair opportunity to present their evidence of probable cause at the suppression hearing but failed to meet their burden, and there is no claim that the sending officer was unavailable to testify, the People are not entitled to a rehearing *(see, People v Payton,* 51 NY2d 169, 177; *People v Havelka, supra,* at 644; *People v Green,* 87 AD2d 892, 893).

We find no merit to the other contentions raised by the defendant. Kunzeman, J. P., Eiber, Harwood and Balletta, JJ., concur.