Kaye, J.
(dissenting). The court today holds that it was permissible summarily to deny defendant the opportunity to call the complainant — the only civilian witness, and the witness who picked defendant out of a lineup — as a defense witness at the hearing on defendant’s Wade motion. In reaching this result, the court does not deny that the complainant had relevant testimony to present, or that defendant had a right to call witnesses at this adversarial hearing (see, CPL 60.15 [1]), but relies on "policy concerns,” and ultimately on defendant’s inability to make a concrete offer of proof concerning the complainant’s testimony. Inasmuch as defendant could hardly be expected to make a concrete offer of proof about the testimony of a witness who had refused, allegedly under police instructions, to speak with defense counsel, and inasmuch as the policy considerations advanced by the majority do not in my view warrant the blanket denial of defense access to relevant, potentially crucial testimony, I respectfully dissent.
As the United States Supreme Court noted in determining that the presence of counsel was required at a postarraignment lineup, "the confrontation compelled by the State between the accused and the victim or witnesses to a crime to elicit identification evidence is peculiarly riddled with innumerable dangers and variable factors which might seriously, even crucially, derogate from a fair trial.” (United States v Wade, 388 US 218, 228.) The great danger of suggestiveness was there held to mandate the right to have counsel attend the lineup, both to prevent taint in the first instance and to *341 record or reconstruct it in later proceedings, as the defendant personally was often unable to do. Notwithstanding that the same potential for improper suggestion, and the same difficulty in reconstructing any unfairness at trial inheres in all lineups, we have chosen not to extend the right to counsel to prearraignment lineups (People v Hawkins, 55 NY2d 474, 482-488).
Now the majority goes a step further, and declares in sweeping terms that not only was defendant not entitled to have his attorney present, but also there was no impropriety and no unfairness in an "adversarial” hearing at which defendant was effectively forced to take his chances that any defect in the identification proceedings would be revealed based solely on the testimony of the police officers who had arranged and conducted the lineup.
To be sure, there is no due process right to a separate pretrial hearing to determine the admissibility of identification evidence. But denial of a motion to suppress " 'may often spell the difference between conviction or acquittal’ ” (see, People v Anderson, 16 NY2d 282, 287), and where the State has provided for an adversarial pretrial hearing, it cannot simultaneously render that hearing a formality by denying defendant access to testimony to establish impropriety unless he first shows impropriety. The Legislature itself has recognized that anomaly by recently eliminating any requirement that defendant make a factual showing when asserting that an identification was tainted by an improper procedure (L 1986, ch 776). "[T]he rationale for the amendment most probably stems from the fact that in many cases the defendant is not in a position to know whether challengeable identification techniques were employed.” (Preiser, 1986 Supplementary Practice Commentaries, McKinney’s Cons Law of NY, Book 11 A, CPL 710.60 [3] [b], 1990 Cum Ann Pocket Part, at 92.)
I do not dispute that there may be sound policy reasons for limiting a defendant’s statutory right to call witnesses, and specifically the complainant, in particular cases. On this record, however, none have been established, and I cannot concur in the majority’s willingness to establish a presumption against the defendant’s right to call the complainant. Relegating the defendant to uncover Wade hearing improprieties during cross-examination of the complainant at trial is by no means the equivalent of a fair pretrial hearing on these issues.
*342 The policy reasons identified by the majority do not warrant this result. First, the discussion of People v Petralia (62 NY2d 47) is wholly inapposite; there is no concern here for an undercover officer’s safety or for the integrity of an ongoing investigation. Second, while harassment of victims and witnesses and abuse of hearings for discovery purposes are surely valid concerns, I cannot agree that preemptive denial of defendant’s right is the proper course of action. Those concerns, as well as a concern for procedural fairness, are better served in particular cases by measures tailored to address the abuses. Here, for example, if the trial court were indeed concerned about a fishing expedition by defendant, or harassment of the victim — no such concern was evidenced by the prosecutor in the colloquy concerning the hearing — it might have permitted defense counsel simply to interview the victim, or limited her testimony at the hearing. What the court could not do was to flatly deny defendant all access to the only civilian witness present at the lineup, while at the same time requiring him to make a prima facie showing of impropriety before requiring her testimony.
Chief Judge Wachtler and Judges Simons, Titone, Hancock, Jr., and Bellacosa concur with Judge Alexander; Judge Kaye dissents and votes to reverse in a separate opinion.
Order affirmed.