OPINION OF THE COURT
William G. Giaccio, J.
On January 8, 1989 this court held a Mapp hearing regarding the defendant, Donald Ballard. The only witness to testify at this hearing was Police Officer Janet Botkin who was called by the People.
Police Officer Botkin testified that on August 25, 1989 at approximately 7:50 p.m. she was assigned to the New York *627 Enforcement Unit Apprehension Team, she was in uniform and working with Police Officer Farley. The witness stated that she received a radio communication from Officer Farley. The substance of the radio communication was that Officer Farley had observed a male black wearing a black tee shirt approach another male black wearing a blue tee shirt and blue jeans. The first individual was later learned to be L.G. Cooney while the second individual is the defendant, Donald Ballard. Officer Botkin testified further that in this radio communication she was informed by Officer Farley that Mr. Ballard went into a brown paper bag which was near a telephone pole and retrieved crack cocaine which he gave to L.G. Cooney who in turn gave Mr. Ballard some United States currency. After receiving this last communication Officer Bot-kin apprehended L.G. Cooney at 154th Street and 108th Avenue and removed a vial of crack cocaine from Mr. Cooney’s person. Officer Botkin returned to the area where the alleged sale took place and apprehended the individual known as Donald Ballard. Approximately five feet from Mr. Ballard, Officer Botkin recovered a bag containing 24 vials of crack cocaine while a sum of $59 in United States currency was recovered from Donald Ballard’s right pants pocket. Officer Botkin subsequently received a second communication from Officer Farley confirming that Donald Ballard was in fact the individual who had made the sale.
The defense attorney, before commencing with the cross-examination of Police Officer Botkin, raised a Lypka/Havelha issue regarding the radio transmissions of Officer Farley. Specifically, it is defendant’s contention that for the People to establish the necessary probable cause to arrest him they cannot rely solely on the testimony of a backup officer who didn’t observe the alleged crime, but must call the officer with actual knowledge of the facts and circumstances surrounding the alleged crime.
The court would first note that it credits the testimony of Officer Botkin. The court found her testimony to be forthright and truthful. However, the issue still remains, can the People rely solely on the testimony of an officer who has no actual knowledge of an observation sale but is relying solely on a communication of the observing officer?
The leading case on this issue is People v Petralia (62 NY2d 47). In the Petralia case a team of police officers were engaged in a typical "buy and bust” operation in which the undercover officer made a purchase of drugs while his backup team made *628 the actual arrest of the defendant. At the suppression hearing in Petralia the only witness called by the People was the detective who made the arrest of defendant based solely on the radio communication of his fellow officer who had made the "buy”. The People contend that the Petralia case controls in the present case, while the defense argues that Petralia is limited to a "buy and bust” situation and is distinguishable from the present case because this is an observation sale.
The court would note that while it could find no cases directly on point, it believes the logic and rationale in the Petralia case (supra) leads this court to the conclusion that the People only need call a member of the backup team for purposes of a suppression hearing.
The court in the Petralia case (supra) reasoned that since the arrest of the individual in question was based on information supplied by a police officer who had participated in the sale, we have at least prima facie reliable information. Accordingly, the Petralia court rejected the "per se” rule which would require the People to produce the "undercover” officer at all suppression hearings. The court did go further and found there may be times when the People need call the officer who was the active participant in the alleged criminal transaction. However, as the court stated "there is no need for the People to produce all of their witnesses at a hearing where they only bear the burden of coming forward with evidence showing that there was probable cause for the arrest, and are not obligated to establish guilt beyond a reasonable doubt” (supra, 62 NY2d, at 52).
In the present case the testifying officer received a radio transmission with a reasonable description of two individuals who allegedly made a sale and buy of crack. After the officer stopped Mr. Cooney a vial of crack was found on Mr. Cooney’s person. Mr. Ballard was stopped subsequently to the discovery of cocaine on Mr. Cooney.
The court finds that the stop of Mr. Cooney and the discovery of the vial of crack is a factor to be considered when looking into the Reliability of the radio communication of Officer Farley and in fact gives credence to the reliability of Officer Farley’s observations.
The court would note that the receiving officer in a "buy and bust” operation and an observation sale are in essentially the same position. That is, in cases involving a "buy and bust” the officer receiving the communication who becomes the *629 arresting officer does not observe the sale of the drugs but gets a communication that a sale went down with a description of the party or parties involved. Normally a second communication is received by the arresting officer confirming that the right person or persons have been arrested. This basic set of facts holds true in an observation sale. That is the arresting officer does not have actual knowledge of the sale of the drugs but is relying on the communication of the officer observing the sale and a confirmation identification is subsequently made.
While there may be some differences or distinctions between a "buy and bust” operation and an "observation sale” those distinctions do not rise to a level which would require this court to limit Petralia (supra) to a "buy and bust” situation. Therefore, this court finds that the ruling in the Petralia case can be extended to observation sales. Accordingly, the People can meet their burden of proof at a suppression hearing by calling the arresting officer who received the pertinent information and arrested the defendant based on the radio communication. However, the court would also find as in Petralia that there may be times when calling the arresting officer would not establish probable cause for the arrest and in those cases the observing officers will be necessary at the suppression hearing.
Since the court has ruled that the People have established the necessary probable cause to make the arrest of the defendant, Donald Ballard, it need not discuss the standing issue in this case.
Accordingly, the motion to suppress any physical evidence in this case is denied in all respects.