(April 2, 1991)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEOPOLDO CARMONA, Appellant.—Judgment, Supreme Court, New York County (Frederic Berman, J.), rendered June 1, 1989, convicting defendant after a jury trial of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him to concurrent, indeterminate terms of imprisonment of four and one-half to nine years, unanimously affirmed.

Defendant was arrested following a routine "buy and bust" operation after he sold 2 glassine envelopes of heroin to an undercover police officer. At the hearing conducted on the motion, Sergeant John McCluskey testified that he arrested defendant within a minute of the sale pursuant to the undercover officer's description of a male Hispanic with a goatee and mustache who was wearing a long green coat, blue hat and bluejeans. A short time later, the undercover officer made his confirmatory identification. At the close of the evidence, defense counsel urged that the People failed to carry forth their burden of proof because the radio transmission "merely contained a description", which was based on "an assumption of a buy." The court denied defendant's motion, finding that defendant was seized because he fit the description that had been broadcast. The court specifically rejected counsel's claim that Sergeant McCluskey had not been told that a crime had been committed.

Defendant's appeal brings up for review the hearing court's determination of the motion to suppress. Defendant has abandoned his claim that the radio report did not allege a crime had been committed, and now urges that the description contained in the transmission that McCluskey received was too general to support his arrest. The claim now raised on

appeal is unpreserved, as defendant is advancing a new claim that was not considered or ruled on by the hearing court. *(People v De Bour,* 40 NY2d 210, 215.)

In any event, the radioed description contained sufficient specificity and detail to enable the arresting officer to reasonably conclude that defendant was the person described *(People v Nieves,* 36 NY2d 396, 401; *People v Mingo,* 121 AD2d 307, 309). Further, the almost immediate arrest gave further assurance that no error had been made.

Defendant's argument that the court gave an impermissibly embellished charge on his decision not to testify is similarly unpreserved *(People v Autry,* 75 NY2d 836). Were we to reach this contention, we would not reverse. Concur—Murphy, P. J., Rosenberger, Wallach and Asch, JJ.