■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL ACEVEDO, Appellant.—Judgment, Supreme Court, New York County (George Roberts, J., at suppression motion; Allen Alpert, J., at hearing; Eve Preminger, J., at trial), rendered September 19, 1989, convicting the defendant, upon a jury verdict, of criminal sale of a controlled substance in the third degree and sentencing him, as a second felony offender, to an indeterminate term of imprisonment of from four and one-half to nine years, unanimously affirmed.

After concluding that the Supreme Court erred in summarily denying the defendant's motion for a *Dunaway/Wade* hearing, the appeal from the defendant's judgment of conviction was held in abeyance and the matter was remitted for a hearing. At the conclusion of the hearing, the Supreme Court determined that probable cause existed for the defendant's arrest and denied his motion to suppress identification testimony based upon the purported lack of probable cause. We agree.

The description transmitted to the arresting officer from the undercover officer, of the individual from whom the undercover officer purchased drugs, a tall, male, hispanic, with a camouflage jacket and brown pants, was sufficiently specific and detailed to enable the arresting officer to reasonably conclude that the defendant was the person described *(People v Acevedo,* 179 AD2d 465; *People v Carmona,* 172 AD2d 151, *lv denied* 78 NY2d 963). The fact that the defendant was apprehended a few blocks away from the location of the sale is of no moment since there was no one else in the vicinity who matched the description of the seller *(People v Mingo,* 121 AD2d 307).

With regard to the trial of this matter, the defendant's claim that the arresting officer's testimony impermissibly bolstered the identification testimony of the undercover officer is unpreserved and without merit. The arresting officer never testified that the undercover officer made a drive-by confirmation of the defendant's identity. Instead, he related the cir-

cumstances leading to the defendant's arrest (see, People v Casanova, 160 AD2d 394, lv denied 76 NY2d 786) and informed the jury that the defendant's arrest was based solely on the radio description transmitted and not on his personal observation of the incident.

Similarly unpreserved and without merit is the defendant's contention that the trial court erred in failing to provide the jury with a detailed identification charge. The defendant did not request such a charge and did not object to the charge provided (see, People v Whalen, 59 NY2d 273). In any event, the charge, taken as a whole, conveyed to the jury that the prosecution had the burden of proving identification beyond a reasonable doubt (People v Perez, 77 NY2d 928). Concur—Carro, J. P., Rosenberger, Wallach, Asch and Kassal, JJ.