■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID WARD, Appellant.—Judgment of Supreme Court, New York County (Donald J. Mark, J.), rendered July 2, 1990, after a jury trial, convicting defendant of criminal possession of a controlled substance in the third degree (Penal Law § 220.16) and criminal sale of a controlled substance in the third degree (Penal Law § 220.39), and sentencing him, as a predicate felony offender, to concurrent indeterminate terms of 5 to 10 years imprisonment, unanimously affirmed.

Defendant's argument that the description transmitted by the undercover officer did not provide probable cause for his arrest because, among other things, the undercover officer did not transmit the fact that he had a substantial beard and a mustache, is without merit. To establish probable cause, the facts and circumstances known to a police officer are not required to be of the magnitude needed to warrant a conviction *(People v Mercado,* 117 AD2d 627, 629), and the description is sufficient when it is sufficiently specific and detailed to enable the police to reasonably conclude that the defendant was the person described *(see, People v Carmona,* 172 AD2d 151, *lv denied* 78 NY2d 963). In this case, the description given by the undercover officer focused on clothing, height and weight. The defendant, who matched the given description in every way, was also found in close proximity to the place where the alleged crime took place and within a very short period after transmission of the description from the undercover officer. These factors lend additional support to the police conduct *(People v Carmona, supra).* This is not a case where the transmission was "too general, vague and stale to render it more probable than not" that defendant was the one who perpetrated the crime *(People v Simpson,* 174 AD2d 348, 351, citing *People v White,* 117 AD2d 127, 131, *lv denied* 68 NY2d 818; *People v Riddick,* 110 AD2d 787). Nor were there any discrepancies between the description received by the arresting officer and the actual appearance of the suspect *(see,*

e.g., *People v Lane,* 102 AD2d 829, *appeal dismissed* 63 NY2d 865).

We have considered defendant's remaining arguments and find them to be without merit. Concur—Sullivan, J. P., Carro, Kupferman, Kassal and Smith, JJ.