■ DERRY SEGARS, Plaintiff, v LASAR MANUFACTURING COMPANY, INC., et al., Defendants. (And Third- and Fourth-Party Actions.) DERRY SEGARS, Respondent, v GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., Appellant.—Order, Supreme Court, New York County (Carol Arber, J.), entered on or about August 24, 1992, which denied defendant-appellant's motion for summary judgment with leave to renew upon completion of disclosure, and directed that disclosure be completed within 90 days, unanimously affirmed, without costs.

The IAS Court did not err in granting plaintiff 90 more days in which to conduct disclosure, since facts in defendant's exclusive possession might show that the meat cutter was sold in the regular course of defendant's business *(see, Stiles v Batavia Atomic Horseshoes,* 174 AD2d 287, *lv granted* 80 NY2d 757). The 90-day disclosure period does not impose an undue burden on defendant. Concur—Sullivan, J. P., Rosenberger, Wallach and Ross, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DELROY MOTT, Appellant.—Judgment, Supreme Court, New York County (Renee White, J.), rendered March 28, 1991, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree, and sentencing him as a second felony offender, to concurrent terms of 4½ to 9 years, unanimously affirmed.

There is no merit to defendant's argument that any abandonment of the paper bag containing the narcotics was the result of illegal police activity. As found by the hearing court, the police had probable cause to arrest defendant based upon the radio transmission of an undercover officer who was part of the narcotics team that was sufficiently detailed to allow the arresting officers to reasonably conclude that defendant was the person described *(see People v Carmona,* 172 AD2d 151, *lv denied* 78 NY2d 963; *see generally, People v Petralia,* 62 NY2d 47). We have examined the record and find that the verdict was not against the weight of the evidence. Concur—Milonas, J. P., Ellerin, Kassal and Rubin, JJ.