■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDGARDO CAPO, Appellant. [625 NYS2d 23] —Judgment, Supreme Court, Bronx County (Max Sayah, J., at *Mapp* hearing; Arlene Silverman, J., at trial and sentence), rendered July 12, 1993, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree and two counts of criminal sale of a controlled substance in the third degree, and sentencing him to concurrent terms of 5 to 10 years on each count, unanimously affirmed.

Defendant's claims that the observing officer's description was too vague to give the arresting officer probable cause to arrest, and that the reference at trial to a buyer who had passed through a school yard constituted prejudicial evidence of an uncharged crime, are both unpreserved for appellate review as a matter of law *(People v Carmona,* 172 AD2d 151, *lv denied* 78 NY2d 963; *see, People v Clarke,* 81 NY2d 777), and we decline to review them in the interest of justice. If we were to review, we would find that the description was sufficiently detailed and the response sufficiently swift to justify the arrest, and that the reference to a school yard was relevant to showing the buyer's path, did not necessarily suggest, and certainly was not offered as proof that a sale had taken place in or near a school yard, and to the extent it did so suggest, was not so prejudicial as to warrant a new trial. We have reviewed defendant's remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Wallach, Nardelli, Williams and Mazzarelli, JJ.