■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN BARR, Also Known as JAMES BENEBEE, Appellant. [637 NYS2d 391] —Judgment, Supreme Court, New York County (Paul Bookson, J.), rendered October 14, 1992, convicting defendant, upon his pleas of guilty, of two counts of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 5 to 10 years, unanimously affirmed.

Probable cause to arrest defendant was established based upon evidence of the undercover officer's radio transmission to the back-up team that he had just purchased drugs and providing descriptions of two individuals, one of which clearly applied to defendant (see, People v Petralia, 62 NY2d 47, cert denied 469 US 852).

Defendant's challenge to the voluntariness of his plea is unpreserved as a matter of law since he failed to move to withdraw his plea or to vacate the judgment (see, People v Lopez, 71 NY2d 662). Were we to review the claim, we would find it to be without merit. The plea allocution established that the plea was knowingly, voluntarily and intelligently entered into (see, People v Harris, 61 NY2d 9), and defendant's voiced displeasure at sentencing concerning the length of incarceration in no way undermined defendant's clear acknowledgment of his guilt or his prior acceptance of the plea bargain (see, People v Fiumefreddo, 82 NY2d 536).

Defendant's allegations of inadequate representation are also groundless, defense counsel having provided meaningful

representation at both the suppression hearing and in proceedings relating to the plea bargain (*see, People v Baldi*, 54 NY2d 137).

We perceive no abuse of discretion in sentencing. Concur—Murphy, P. J., Rosenberger, Rubin, Tom and Mazzarelli, JJ.