■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANNIE BRODIE, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered April 7, 1980, upon resentence, convicting him of criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and the facts, indictment dismissed, and case remitted to the Supreme Court, Kings County, for the purpose of entering an order in its discretion pursuant to CPL 160.50. The defendant was indicted for criminal sale of a controlled substance in the third degree and lesser related possession offenses arising out of a drug transaction with an undercover officer on November 16, 1977. The indictment also charged him with criminal possession of a controlled substance in the seventh degree, which was based on drugs seized from the defendant on May 18, 1978 at the time of his arrest for the sale. On appeal, the defendant, having been acquitted of all charges arising from the sale, seeks to suppress the drugs which served as the basis for his conviction for possession of a controlled substance on May 18. He contends that the People failed to establish that there was probable cause for his arrest. We agree. The defendant was arrested by a police officer who was without personal knowledge of the alleged drug sale for which the defendant was being arrested, and who acted solely on a description of the defendant provided by an undercover officer who had participated in the sale. At the suppression hearing only the arresting officer testified. He claimed that he had arrested the defendant because he matched the description radioed to him by the undercover officer. The arresting officer, however, could not recall the description on which he acted or the manner in which the defendant was dressed. Probable cause to arrest the defendant was not established at the hearing. Articulable facts concerning the defendant's clothes and characteristics and a sufficiently particular description of the person to be arrested were necessary to evaluate the People's claim that the arrest met probable cause standards (see *People v Bouton*, 50 NY2d 130; *People v Nieves*, 36 NY2d 396). "Summary statements that the police had arrived at a conclusion that sufficient cause existed will not do" (see *People v Bouton, supra,* p 135). Accordingly, the conviction must fall. Mangano, J. P., Gulotta, Thompson and Brown, JJ., concur.