■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JEFFREY WITHERSPOON, Respondent.—Appeal by the People from an order of the Supreme Court, Queens County (Lakritz, J.), dated November 10, 1983, which, after a hearing, granted that branch of defendant's omnibus motion which was to suppress physical evidence.

Order reversed, on the law, that branch of defendant's omnibus motion which was to suppress physical evidence denied, and matter remitted to the Supreme Court, Queens County, for further proceedings.

The defendant was indicted for one count of criminal possession of a controlled substance in the fourth degree. Defendant moved, *inter alia,* to suppress certain physical evidence on the ground it was the fruit of an unlawful arrest made without probable cause. After a hearing, the branch of the motion which sought suppression was granted, and the People now appeal from that order.

The issue on this appeal is whether there was probable cause to arrest the defendant. Where, as here, the arresting officers acted on the basis of a radio bulletin, at the hearing on the defendant's motion to suppress the People must prove the content of the information which was conveyed in that bulletin, and there is no presumption of its sufficiency to establish probable cause *(People v Dodt,* 61 NY2d 408, 415-416). Therefore, we look to what the undercover officer observed and the information he conveyed to his backup team.

The undercover officer testified that he approached someone named Henley who asked him what he wanted. The officer

responded "four" and gave Henley $20 of "prerecorded" money. Henley then went to the doorway in an adjacent alley where a second man leaned out. The two men conversed for no more than 10 seconds and they briefly touched hands, as if they were shaking hands. Henley returned to the officer and gave him four foil packets which were later found to contain cocaine. The whole exchange took no more than a minute. The undercover officer then returned to his car and radioed the above facts to his backup team who arrived in about three minutes. They found the defendant, who was wearing a black tee shirt, and Henley standing at the front of the alley and arrested both of them. The undercover officer had only described the second man as wearing a black tee shirt.

Probable cause to arrest requires far less proof than is required for conviction. To establish probable cause it is necessary to meet a two-pronged standard, namely, that (1) there is probable cause to believe that a crime has been committed, and (2) there is probable cause to believe that the individual to be arrested committed the crime *(People v Carrasquillo,* 54 NY2d 248; *People v Laskaris,* 82 AD2d 34, 39). Here, the apparent exchange between the man with the black tee shirt and Henley was sufficient to establish, for probable cause purposes, that Henley received the cocaine from that individual. The second prong was satisfied by the prompt arrival of the backup team which found the individual in the black tee shirt and Henley standing together. Lazer, J. P., O'Connor and Niehoff, JJ., concur.

Weinstein, J., dissents and votes to affirm the order appealed from, with the following memorandum: I take issue with the majority's conclusion that the police had probable cause to arrest defendant. In my view, the conclusion that Henley had received narcotics from a second individual during their brief exchange, which lasted for not more than 10 seconds, is far from inescapable. The only description provided by the undercover officer of the second individual is that he was wearing a black tee shirt. Said individual appeared in a doorway for such a brief interval that the officer was unable to obtain a second look at him. Moreover, the officer was unable to positively identify defendant at the precinct as the individual who had leaned out of the doorway. Additionally, neither an exchange of currency nor a known narcotics container was observed.

Assuming, arguendo, that the exchange between the man with the black tee shirt and Henley could reasonably lead one to believe that a crime had been committed *(see, People v*

*Brown,* 24 NY2d 421), the description afforded by the under-cover officer lacked sufficient particularity to satisfy the second branch of the probable cause standard, i.e., probable cause to believe that the individual to be arrested committed such crime *(see, People v Carrasquillo,* 54 NY2d 248; *People v Laskaris,* 82 AD2d 34, 39). "Articulable facts concerning the defendant's clothes and characteristics and a sufficiently particular description of the person to be arrested were necessary to evaluate the People's claim that the arrest met probable cause standards" *(People v Brodie,* 87 AD2d 653; *see also, People v Bouton,* 50 NY2d 130).

The backup officer who testified was unable to recall whether the undercover officer had transmitted any information which might tend to implicate the individual in the black tee shirt in the drug sale other than the fact that he had spoken with Henley. We are thus confronted with a situation wherein the sole officer in a position to make a determination, under the totality of the circumstances, that an individual was involved in a drug transaction to an extent greater than merely having conversed with the known principal of the transaction, may have failed to make any such determination. It is thus unreasonable to assume that the backup officers could make a determination of probable cause to arrest where they had no articulable description of the individual seized and where said individual took no action in their presence which could lead them to believe that he was involved in the transaction. A reviewing court must be presented with facts rather than assurances and " '[s]ummary statements that the police had arrived at a conclusion that sufficient cause existed will not do' " *(People v Dodt,* 61 NY2d 408, 415, quoting from *People v Bouton, supra,* at p 135).

Accordingly, suppression of the physical evidence seized from defendant pursuant to this arrest was proper.