■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER FERGUSON, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County (Brennan, J.), rendered October 11, 1984, convicting him of criminal possession of a controlled substance in the sixth degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Giaccio, J.), of that branch of his pretrial motion which sought suppression of physical evidence as the fruit of an unlawful arrest.

Judgment reversed, on the law, plea vacated, the aforenoted branch of defendant's pretrial motion granted, and matter remitted to Criminal Term for further proceedings.

The defendant moved to suppress evidence seized at the time of his arrest for allegedly selling drugs to an undercover police officer who had informed the arresting officer of the sale. The arresting officer, Edward Sullivan, was the only person to testify at the suppression hearing. Officer Sullivan testified that on February 27, 1984, he was assigned as "back-up" officer to an undercover officer engaged in a drug-buying operation. At approximately 5:25 P.M., the undercover officer made a purchase at the corner of 131st Street and Rockaway Boulevard. Officer Sullivan was three or four blocks away when the sale took place. The undercover officer radioed to Officer Sullivan a description of the person who had sold him the drugs. Based on the description, Officer Sullivan arrested defendant at 5:30 P.M. on the corner opposite to the one where the sale had taken place. Subsequent to the arrest, Officer Sullivan searched defendant and found a pouch containing two envelopes of phencyclidine and previously recorded buy

money. Another search at the police precinct uncovered a second pouch containing 10 envelopes of phencyclidine. At the close of the officer's testimony, defendant's challenge to the existence of probable cause for his arrest was directed to both the sufficiency of the evidence and its reliability.

When the arresting officer has acted on the basis of a radio bulletin and the sending officer has personal knowledge of the facts transmitted, the reliability of the information conveyed may be presumed and the prosecutor is not required to call the undercover officer to testify at the suppression hearing in order to discharge his burden of coming forward with evidence to establish probable cause (see, People v Petralia, 62 NY2d 47, cert denied — US —, 105 S Ct 174; cf. People v Ward, 95 AD2d 233). However, there is no concomitant presumption that the information conveyed is sufficient to establish probable cause for an arrest. Consequently, the content of the bulletin upon which the police acted, as opposed to its basis or source, must be proved at the hearing (People v Dodt, 61 NY2d 408, 416). "Where an arrest * * * is made without a warrant, the reviewing court must be supplied with the description upon which the police acted and sufficient evidence to make its own independent determination of whether the person arrested reasonably fit that description (People v Brodie, 87 AD2d 653). In other words, 'the court must be presented with facts, not assurances', and '[s]ummary statements that the police had arrived at a conclusion that sufficient cause existed will not do' (People v Bouton, 50 NY2d 130, 135 * * *)" (People v Dodt, supra, p 415). In the instant case, the prosecutor presented no testimony about the description of the drug seller conveyed over the radio or any testimony about defendant's appearance at the time of his arrest. Instead, Officer Sullivan merely gave the hearing court his assurance that the undercover officer had radioed "a description of the defendant". Such an assurance does not discharge the prosecutor's burden of proving that the contents of the communication received by the arresting officer was sufficient to establish probable cause for the arrest (see, People v Dodt, supra; People v Bouton, supra; People v Witherspoon, 115 AD2d 572).

Since the prosecutor failed to come forward with evidence that the arrest met the probable cause standard, that branch of defendant's motion which was to suppress the physical evidence seized from his person as the fruit of an unlawful arrest should have been granted. Moreover, the People may not be given " 'a second chance to succeed where once they had tried and failed' " (People v Havelka, 45 NY2d 636, 643,

quoting from *People v Bryant,* 37 NY2d 208, 211). The *Havelka-Bryant* rule, predicated upon "the potential for abuse and injustice through the tailoring of testimony to fit the requirements established by an appellate court's opinion", is a bar to a second hearing on the admissibility of the physical evidence seized *(see, People v Dodt, supra,* p 418). Defendant is not entitled, however, to dismissal of the indictment, since the People may still be able to prove a prima facie case at trial based upon the undercover officer's testimony and any drugs purchased from defendant during the alleged sale. Brown, J. P., Rubin, Lawrence and Kooper, JJ., concur.