■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS MERCADO, JR., Appellant.—Appeals by defendant from

two judgments of the County Court, Nassau County (Collins, J.), the first rendered March 9, 1983, convicting him of burglary in the second degree and burglary in the third degree (two counts) under indictment No. 53461, upon a jury verdict, and imposing sentence, and the second rendered May 31, 1983, convicting him of attempted burglary in the second degree under indictment No. 54157, upon his plea of guilty, and imposing a sentence to run concurrently with the sentences imposed upon the March 9, 1983, conviction. The appeal from the judgment rendered May 31, 1983, brings up for review the denial of defendant's motion to suppress physical evidence.

Judgments affirmed.

With respect to the judgment based upon the jury verdict, the charges arose from defendant's burglary of three separate Lawrence, New York, residences. Defendant contends that the trial court erred in ruling that the prosecution could cross-examine him as to three prior convictions and the acts underlying a youthful offender adjudication, each of which involved burglary. He asserts that, based upon the similarity of those crimes to the present charges, the jury could only conclude that he was prone to commit burglaries. Thus, defendant claims that the probative value of permitting cross-examination concerning these crimes was greatly outweighed by the prejudice to him. The People correctly assert that where, as here, the prior crimes demonstrate "dishonesty and untrustworthiness * * * [they] will usually have a very material relevance, whenever committed" *(People v Sandoval,* 34 NY2d 371, 377; *People v Pavao,* 59 NY2d 282, 292). Moreover, as we stated previously, "[t]he fact that defendant may specialize in one type of criminal activity should not shield him from impeachment" *(People v Cherry,* 106 AD2d 458).

We also find no merit to defendant's claim that the prosecution failed to prove his guilt beyond a reasonable doubt because it relied primarily upon fingerprint evidence. In the absence of testimony that the fingerprints and palm prints were not those of defendant, or that the prints were placed in the three residences innocently, "the jury [was] justified in finding that the defendant was the guilty party and that he committed the [three burglaries] beyond a reasonable doubt" *(People v Jones,* 257 App Div 5, 10; *People v Hall,* 89 AD2d 898).

With respect to the judgment based upon defendant's plea of guilty, we conclude that the hearing court properly determined that defendant's arrest was based upon probable cause.

As the hearing court noted in its decision, to establish probable cause the facts and circumstances known to the police officers are not required to be of the magnitude needed to warrant a conviction (see, People v Miner, 42 NY2d 937, 938). Upon observing that the defendant exactly matched the description of the perpetrator in both general appearance and as to clothing, and under the further circumstances here present, the arresting officer had probable cause to believe that defendant was the individual who had committed the burglary which had occurred earlier that evening and had been reported over the police radio (see, People v Witherspoon, 115 AD2d 572). Therefore, the evidence found on defendant's person was properly seized incident to his arrest.

Finally, with respect to both judgments, a review of each record fails to disclose that defendant's representation was not "adequate or effective in any meaningful sense of the words" (People v Droz, 39 NY2d 457, 463; People v Baldi, 54 NY2d 137, 146; People v Farinaro, 110 AD2d 653, 656). Lazer, J. P., Mangano, Brown and Kooper, JJ., concur.