██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY JONES, Appellant. Memorandum: Defendant was arrested based on information given to a police officer by the victim of a larceny. This officer transmitted the victim's information and defendant was arrested less than 10 minutes later by another officer receiving the dispatch. Defendant challenged his warrantless arrest and a suppression hearing was held. At the hearing the People produced only the victim, who testified as to the detailed description he gave of his assailant to a police officer; that the officer drove away, and the witness saw him reach for his police radio; that less than 10 minutes later, a different police officer brought defendant to the scene and the victim identified him as the man who tried to rob his car. The suppression court found that this testimony was sufficient to prove that there was probable cause for defendant's arrest, and denied defendant's motion to dismiss. This was error.

When an arrest is made on the basis of a police radio broadcast, the sender's knowledge is imputed to the receiver and the receiver is presumed to possess probable cause. Once the defendant challenges the police action, however, "the presumption of probable cause disappears and the knowledge of the sender may no longer be imputed to the officer" *(People v Landy,* 59 NY2d 369, 375; *People v Lypka,* 36 NY2d 210, 213-214). To sustain their burden, the People must establish that the sender actually possessed the requisite knowledge, and to accomplish this it is incumbent upon the People to produce the sending officer *(People v Havelka,* 45 NY2d 636, 641). The People must prove "the content of the bulletin upon which the police acted, as opposed to its basis or source" *(People v Dodt,* 61 NY2d 408, 416). In this case, although the People proved the basis for the dispatch through the victim's testimony, they

wholly failed to prove the contents of the bulletin itself. Therefore, defendant's motion should have been granted. Because the People were given a full and fair opportunity to present evidence of probable cause and failed, through their own neglect, to fulfill their burden, they are not entitled to another opportunity *(People v Payton,* 51 NY2d 169, 177; *People v Ferguson,* 115 AD2d 615).

Defendant is not entitled to a dismissal of the indictment. Although the victim's testimony that he identified defendant at a showup and the physical evidence resulting from a search of defendant must be suppressed at the retrial, the People may still be able to prove a prima facie case with the victim's in-court identification of defendant. The hearing court found that the victim had an adequate independent basis for his identification of defendant, and this finding has not been challenged on appeal. (Appeal from judgment of Supreme Court, Monroe County, Pine, J.—criminal possession of weapon, third degree.) Present—Doerr, J. P., Green, Balio, Lawton and Schnepp, JJ.