■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ZEARRIFF MOLETTE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Potoker, J.), rendered July 1, 1983, convicting him of criminal sale of a controlled substance in the first degree, criminal possession of a controlled substance in the first degree and criminal possession of a controlled substance in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain evidence and statements.

Ordered that the judgment is affirmed.

The defendant and his accomplice were arrested as a result of a drug-buying operation conducted by the New York Drug Enforcement Task Force. On August 5, 1976, a back-up team gathered outside the apartment building at which one of the undercover officers, Agent Weidel, had arranged to purchase a quantity of cocaine. Upon receiving the prearranged signal from Agent Weidel which indicated that the contemplated deal had been consummated and that the back-up team should "move in and make an arrest", the team converged and arrested the defendant's accomplice. As this arrest was being effectuated, Agent Weidel told the team members "that there was another subject in the house that was involved in the transaction", whereupon Agent Ladson, the only participant in the surveillance to testify at the suppression hearing, and two other officers joined Agent Weidel as they entered a first

floor apartment of the building where they placed the defendant under arrest and seized a bag of cocaine which had been lying at his feet.

While acknowledging that an officer may effectuate an arrest based upon information conveyed to him by an undercover officer *(see, People v Petralia,* 62 NY2d 47, *cert denied* 469 US 852; *People v Witherspoon,* 115 AD2d 572, *appeal dismissed* 68 NY2d 805), the defendant argues that the prosecution did not satisfy its burden of proving that the information conveyed to Agent Ladson was sufficient to establish probable cause *(see, People v Ferguson,* 115 AD2d 615).

The hearing court, which was " 'presented with facts, not assurances' ", and not merely " '[s]ummary statements that the police had arrived at a conclusion that sufficient cause existed' " *(People v Dodt,* 61 NY2d 408, 415, quoting from *People v Bouton,* 50 NY2d 130, 135), properly rejected the defendant's claim since the testimony established that Agent Weidel, who had participated in the drug-sale transaction with the defendant and thus had probable cause to arrest him, led his fellow officers directly to the defendant.

We note that to the extent that the defendant's challenge to the suppression determination is predicated upon a claim, not asserted before the hearing court, that suppression was mandated because the police entry into the apartment was neither authorized by a warrant *(see, Payton v New York,* 445 US 573), nor upon notice *(see,* CPL 140.15 [2]), it is unpreserved for our review *(see, People v Martin,* 50 NY2d 1029). In any event, the existence of probable cause and exigent circumstances provided a lawful basis for the entry into the apartment and the arrest of the defendant.

The defendant was properly tried in absentia since his deliberate failure to appear subsequent to both the conclusion of the suppression hearing and the trial court's issuance of preliminary instructions to the jury constituted a forfeiture of his right to be present at the trial *(see, People v Smith,* 68 NY2d 725; *People v Sanchez,* 65 NY2d 436; *People v Wilson,* 113 AD2d 909, *appeal denied* 66 NY2d 768).

Nor do we view as persuasive the defendant's claim that the trial court abused its discretion in refusing to excuse a sitting juror who indicated concern that his continued service could result in financial hardship. This delay was in part caused by the defendant's willful failure to appear. The juror was neither "unavailable for continued service" nor "grossly unqualified to serve in the case" (CPL 270.35) since, after an

extended colloquy with the court and counsel, he ultimately affirmed his intention to serve to the best of his abilities and to render a fair and impartial verdict *(see, People v Buford,* 69 NY2d 290; *People v Meyer,* 78 AD2d 662).

Finally, while the trial court's charge to the jury with respect to the defendant's statements did include an inaccurate instruction, the charge, read as a whole, adequately and correctly explained the burden of proof in detail and therefore furnishes no basis for reversal *(see, People v Robinson,* 36 NY2d 224, *rearg denied* 37 NY2d 786; *People v Townes,* 104 AD2d 1057). Mollen, P. J., Mangano, Eiber and Sullivan, JJ., concur.