■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GUILLERMO SOSTRE, Appellant.—Appeal by the defendant from

a judgment of the Supreme Court, Kings County (Goldstein, J.), rendered February 28, 1984, convicting him of criminal possession of stolen property in the first degree, criminal possession of a weapon in the third degree, and unauthorized use of a vehicle in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence as a result of an illegal arrest.

Ordered that the judgment is reversed, on the law, that branch of the defendant's omnibus motion which was to suppress physical evidence is granted, and the matter is remitted to the Supreme Court, Kings County, for further proceedings. The facts have been considered and determined to be established.

That branch of the defendant's omnibus motion which was to suppress physical evidence as the fruit of an arrest not predicated upon probable cause should have been granted. At the suppression hearing, a police officer testified that he and his partner, with their guns drawn, stopped a motor vehicle driven by the defendant, on the basis of a police radio broadcast, made in response to their inquiry, that the vehicle they were following was stolen. The officers had inquired about the status of the vehicle after observing it heading in the wrong direction on a one-way street. Although the 911 tape of the police broadcast was subpoenaed by the defendant, it was never produced at the suppression hearing. Furthermore, in response to a subpoena to appear and testify at the suppression hearing, which was served at the request of the codefendant, a sergeant from the Communications Division of the Police Department merely advised the court, in a telephone conversation, that there was "a record that at 8:34 P.M., on July 18, 1983, at Shepherd and Atlantic Avenues, there was a plate check of a 9623 ANZ, which was reported stolen". We note that the license plate of the vehicle driven by the defendant was 9623 AHZ.

When an arrest is made on the basis of a police radio broadcast, the sender's knowledge is imputed to the receiver and the receiver is presumed to possess probable cause *(see, People v Lypka,* 36 NY2d 210, 213; *People v Muriell,* 128 AD2d 554, *lv denied* 70 NY2d 652). However, once the defendant challenges the police action, as here, the presumption of probable cause disappears and the knowledge of the sender may no longer be imputed to the receiving officer *(see, People v Landy,* 59 NY2d 369, 375; *People v Lypka, supra,* at 213-214;

*People v Jones,* 124 AD2d 1024, *lv denied* 69 NY2d 747). It was incumbent upon the prosecution to establish that the sender actually possessed the requisite knowledge, by producing the sending officer *(see, People v Havelka,* 45 NY2d 636, 641; *People v Jones, supra).* The hearsay telephone communication from the sergeant neither sufficed to establish the content of the radio bulletin nor its basis or source. Since the People were given a full opportunity to present evidence of probable cause and failed, through their own neglect, to fulfill their burden, they are not entitled to another opportunity *(see, People v Jones, supra; People v Ferguson,* 115 AD2d 615). Consequently, that branch of the defendant's omnibus motion which was to suppress physical evidence should have been granted. Brown, J. P., Rubin, Kooper and Sullivan, JJ., concur.