■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH WILLIAMS, Appellant.—Appeal by the defendant from (1) a judgment of the Supreme Court, Queens County (Browne, J.), rendered August 23, 1985, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a hypodermic instrument under indictment No. 2494/84, after a nonjury trial, and imposing sentence, (2) a judgment of the same court, also rendered August 23, 1985, convicting him of attempted assault in the second degree under indictment No. 4030/84, upon his plea of guilty, and imposing sentence, and (3) a judgment of the same court (Rotker, J.), also rendered August 23, 1985, convicting him of manslaughter in the first degree under indictment No. 318/85, upon his plea of guilty, and imposing sentence. The appeal from the judgment rendered on indictment No. 2494/84 brings up for review the denial, after a hearing (Chetta, J.), of that branch of the defendant's omnibus motion which was to suppress certain physical evidence. The appeal from the judgment rendered on indictment No. 4030/84 brings up for review the denial, after a hearing (Curci, J.), of that branch of the defendant's omnibus motion which was to suppress a statement made by him to law enforcement authorities.

Ordered that the judgments are affirmed.

Contrary to the defendant's contention, we find his arrests in the narcotics and attempted assault cases were based upon probable cause. In the narcotics case the defendant sold drugs to an undercover officer during a so called "buy and bust" operation. The undercover officer transmitted the defendant's description to the arresting officer who properly relied upon it in effectuating the arrest *(see, People v Petralia,* 62 NY2d 47, 51-52; *People v Molette,* 129 AD2d 651, 652). Since the arrest was based on probable cause, the hypodermic instrument and

"buy" money that were found on the defendant's person, as a result of a search incident to his arrest, were correctly found to be admissible at his trial. In the attempted assault case a witness told the police that the defendant had stabbed the witness's stepbrother. The police officer called the hospital and verified that the victim had been treated for stab wounds. The statement of an identified, disinterested private citizen can properly be relied upon by the police as a basis for further action (see, People v Hicks, 38 NY2d 90, 93-94; People v Smith, 124 AD2d 756, 757, lv denied 69 NY2d 834). Since the defendant's arrest was supported by probable cause, his inculpatory statement, made after he had waived his right to speak to an attorney, could properly be admitted at his trial.

The defendant further contends, with respect to the attempted assault and the manslaughter cases, that the police improperly interrogated him since he was already represented by counsel in the narcotics case. Although the defendant did not raise this issue in the suppression motion made in either the assault or manslaughter case it can nevertheless be addressed as long as there is an adequate factual record for appellate review because it involves a claimed deprivation of the defendant's State constitutional right to counsel (see, People v Kinchen, 60 NY2d 772, 773-774; People v Donovon, 107 AD2d 433, 441). However, we find that the record is inadequate since the suppression hearing in the assault case was restricted to Huntley issues and nothing therein supports the defendant's present contention. Similarly, in the manslaughter case the defendant pleaded guilty before his suppression motion was decided, thereby precluding appellate review of the suppression issue in that case (see, People v Fernandez, 67 NY2d 686, 688; People v Charleston, 54 NY2d 622, 623).

We have considered the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Rubin, Sullivan and Harwood, JJ., concur.