*327 OPINION OF THE COURT
Phyllis Orlikoff Flug, J.
The motion to reargue defendant’s suppression application regarding identification testimony is granted. Upon reconsideration, the court adheres to its original decision.
While a "smoother” presentation by the People should have included the testimony of the detaining officer, the failure to call him is not, per se, fatal to the People’s case, as urged by the defendant. The People are not obligated to produce any particular witness provided they sustain their burden of coming forward with evidence showing that there was probable cause for the arrest (see, People v Petralia, 62 NY2d 47 [1984], cert denied 469 US 852).
The situation here presented is the reverse of that found in the recent case of People v Parris (83 NY2d 342 [1994]). There, the Court of Appeals held that the sending officer need not be produced at a suppression hearing in order to justify police action by the receiving officer, if both prongs of the Aguilar/ Spinelli rule (Aguilar v Texas, 378 US 108; Spinelli v United States, 393 US 410) are satisfied, i.e., the informant’s reliability and basis of knowledge. The Court also sanctioned the use of double hearsay or hearsay-upon-hearsay in proving the “prongs” (supra, at 347).
At bar, there is no question that the sending officer may testify to what the victim, a named citizen, told him. The bullet hole in the trunk of the car, which the officer observed independently, corroborated that information. Both prongs were satisfied.
The issue presented, however, is whether the receiving/ detaining officer must be called to establish the "reasonable suspicion” required to justify the street stop (as the defendant contends), or if the standard can be met by the testimony of the sending officer alone. The court finds, in this case, it can.
The sending officer testified: (1) that the receiving officer acknowledged to him (by radio) that he heard his broadcast description of the three men; (2) that the receiver spotted three men fitting the description; (3) that he was holding the men at a location close to the original shooting. The officer testified further that upon arriving at the "showup” scene, he was informed by his fellow officer that the three men were apprehended running through the backyards. These factors, combined, form the basis of knowledge of the officer. Moreover, as a police officer, he was deemed to be a reliable *328 informant (United States v Ventresca, 380 US 102, 111; People v Petralia, supra, at 52). Since the Aguilar/Spinelli test is met, the double hearsay is acceptable. The only question remaining is whether the information available to the police constituted reasonable suspicion to detain the defendant until a showup was conducted (People v Hicks, 68 NY2d 234 [1986]). The court finds it did. The time of day, the circumstances surrounding the stop, the closeness in time and space to the scene of the crime, and the fact that the appearance and clothing of the defendant and his companions matched a sufficiently detailed description of the perpetrator(s), justified the stop (People v Hicks, supra).
The cases cited by the defendant, People v White (117 AD2d 127 [1986]) and People v Brodie (87 AD2d 653 [1982]), are distinguishable. *
The defendant contends that the admission by the sending officer on cross-examination that, 'T don’t recall right now” whether I put "two or three descriptions over the radio”, establishes that whatever descriptions transmitted were not sufficiently detailed to authorize the detaining officer to take the person arrested into custody. But this contention is misplaced, since the sending officer was certain that he was given three descriptions by the victim and the receiving/detaining officer radioed that "he had spotted three individuals fitting the descriptions”. This fact was ultimately corroborated when the apprehended individuals’ clothing exactly fit the victim’s descriptions.
Based upon the foregoing, the motion to preclude is denied.

 Both deal with the lack of probable cause to arrest based upon descriptions which were meager and lacking in specificity. In the Brodie case (supra), the arresting officer testified that he could not recall the description on which he acted or the manner in which the defendant was dressed. In White (supra), the Court found a description to be too general and vague where the defendant was arrested on a subway train and when the crime was committed approximately 15 minutes earlier at another station six stops from where he was apprehended; particularly where the offender had last been seen running on the street in a direction away from the station where the crime had occurred.