(October 31, 1996)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEROME McGRIFF, Appellant. [649 NYS2d 17] —Judgment, Supreme Court, New York County (Felice Shea, J.), rendered January 13, 1995, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of $4^1/2$ to 9 years, unanimously affirmed.

Defendant's claim that he was illegally seized, where the prosecution presented no evidence that the "ghost", who directed the apprehending officer to stop him, had witnessed the drug transaction, is unpreserved as a matter of law, and we decline to review it in the interest of justice. If we were to review it, we would draw an inference that the ghost had witnessed the transaction (*People v Ramirez-Portoreal*, 88 NY2d 99, 113-114); and that the radio transmission from the undercover officer received by the apprehending officer, reporting a "positive buy" and describing the seller as a male black wearing a green T-shirt, black jeans and glasses was adequate to enable the apprehending officer to reasonably conclude that defendant was the person described (*see, People v Acevedo*, 181 AD2d 596, *lv denied* 79 NY2d 1045). Further, we would find that the radio transmissions from the ghost received by the apprehending officer reporting defendant's movement after the sale and advising "that's him right there", as the apprehending officer caught sight of defendant, provided additional reasonable suspicion to detain, if indeed not probable cause to arrest; and that the undercover's drive-by confirmation provided

probable cause. Concur—Murphy, P. J., Milonas, Williams, Tom and Andrias, JJ.