■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN ROJAS, Appellant. [723 NYS2d 18] —Judgment, Supreme Court, Bronx County (Lawrence Bernstein, J.), rendered Feb-

ruary 2, 1999, convicting defendant, after a jury trial, of criminal sale of a controlled substance in or near school grounds, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

Defendant's suppression motion was properly denied. The officers had, at the very least, reasonable suspicion to detain defendant pending a confirmatory viewing by the undercover officer. Defendant fit the description of the seller transmitted only moments before and was discovered in the very spot described by the undercover officer. Defendant was the only person present who met the description, which was sufficiently specific given the close spatial and temporal proximity between the drug transaction and the detention (*see, People v Plato*, 247 AD2d 317, *lv denied* 91 NY2d 976; *People v McGriff*, 232 AD2d 326, *lv denied* 89 NY2d 926). Moreover, defendant was in the company of another person who also matched a description given by the undercover officer.

Defendant's contentions regarding the prosecutor's summation are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find that the challenged comments were fair responses to the defense summation (*see, People v Overlee*, 236 AD2d 133, *lv denied* 91 NY2d 976; *People v D'Alessandro*, 184 AD2d 114, 118-119, *lv denied* 81 NY2d 884). Concur—Sullivan, P. J., Tom, Mazzarelli, Ellerin and Friedman, JJ.