(December 18, 2001)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUDERS MASSILLON, Appellant. [734 NYS2d 162] —Judgment, Supreme Court, New York County (Felice Shea, J.), rendered November 14, 1997, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and also convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 5½ to 11 years and 4½ to 9 years, respectively, unanimously affirmed. Order, same court (Dora Irizarry, J.), entered on or about May 5, 2000, denying defendant's motion pursuant to CPL 440.10 to vacate the judgment wherein defendant was convicted after trial, unanimously affirmed.

Defendant received meaningful representation at the suppression hearing (*see, People v Benevento*, 91 NY2d 708, 713-714). The hearing record establishes that counsel would not have been able to obtain suppression of identification testimony or statements.

In this undercover sale case, counsel succeeded in obtaining suppression of physical evidence on the ground that the police had conducted an unlawful search of defendant's person at a

point when probable cause did not yet exist in that the confirmatory identification had not yet occurred. Defendant now faults trial counsel for failing to move to suppress the confirmatory identification as well. However, that motion would have been unavailing. The hearing evidence shows that, had such a motion been made, the People would have established that the police possessed, at the very least, reasonable suspicion upon which to detain defendant pending the confirmatory viewing. Defendant fit a description of the seller that was sufficiently specific, given the temporal and geographic factors, to establish reasonable suspicion (*see, People v Rojas*, 281 AD2d 346, 347, *lv denied* 96 NY2d 834). Accordingly, the confirmatory identification was lawfully obtained and independent of any illegality in the search of defendant's person. The fact that the detaining officer characterized his action as an arrest is not dispositive under the circumstances.

Likewise, since defendant's detention was clearly based on reasonable suspicion, defendant could not have been prejudiced by his counsel's failure to argue that defendant's spontaneous statement was the fruit of an unlawful seizure. We have considered and rejected defendant's remaining arguments. Concur—Sullivan, P. J., Rosenberger, Nardelli, Rubin and Friedman, JJ.