■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH GREEN, Appellant. [737 NYS2d 62] —Judgment, Supreme Court, New York County (Charles Tejada, J.), rendered July 19, 2000, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal sale of a controlled substance in or near school grounds, and sentencing him, as a second felony offender, to concurrent terms of 4½ to 9 years, unanimously affirmed.

The court properly denied defendant's motion to suppress the undercover officer's identification of defendant as fruit of an unlawful seizure. The hearing evidence established that the undercover officer observed a hand-to-hand drug transaction between the defendant and a male and female. Thereafter, he radioed a description of all three participants. Minutes later, the arresting officer saw defendant, who was the only person present who fit the undercover officer's description of the drug dealer, standing at the same location of the drug sale. Given this evidence, the People have established that the police possessed, at the very least, reasonable suspicion upon which to detain defendant pending the confirmatory viewing (*see, People v Massillon*, 289 AD2d 103; *People v Rojas*, 281 AD2d 346, *lv denied* 96 NY2d 834). Since the hearing court expressly decided the question of reasonable suspicion and sustained the identification on that basis, this theory is properly before this Court (*compare, People v Parris*, 83 NY2d 342, 350-351). We have considered and rejected defendant's remaining arguments on this issue.

The court also properly denied defendant's application for a missing witness charge concerning the "ghost" undercover officer. The record supports the court's conclusion that the ghost could not provide material testimony because he was not in a position where he could see the street where the sale occurred (*see, People v Vasquez*, 272 AD2d 226, *lv denied* 95 NY2d 872; *compare, People v Kitching*, 78 NY2d 532), and "testimony that his general function was to observe the undercover purchaser did not establish his actual position." (*People v Tavarez*, 288 AD2d 120, 120.)

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Ellerin, J.P., Lerner, Rubin, Buckley and Friedman, JJ.