■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v AXEL NELSON, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v FRANCISCO NUNEZ, Respondent. [808 NYS2d 170]—

Order, Supreme Court, Bronx County (Harold Silverman, J.), entered August 5, 2004, which granted defendants' motion to suppress physical evidence and identification testimony unanimously reversed, on the law, the motion denied, and the matter remanded for further proceedings.

After their indictment on one count each of criminal sale of a controlled substance in the fourth degree and criminal possession of a controlled substance in the fifth degree, defendants moved to suppress physical evidence recovered from them at the time of their arrest, and identification testimony. Following a two-day hearing, the motion court found the police testimony credible but granted defendants' motion, relying on *People v Simpson* (174 AD2d 348 [1991]) and finding that a description of defendants given by an undercover officer was too general to support defendants' arrest.

The testimony found credible at the hearing established that the undercover officer informed the arresting officer by radio transmission that he had just witnessed a sale of narcotics involving three Hispanic men at a specific address, a residential area with a nearby methadone clinic. The undercover further described each individual by the color of his jacket and hat or pants. The arresting officer arrived at the location "within seconds," saw and detained three Hispanic men in front of the identified address who were wearing the described clothing. There were no other men in the vicinity matching the undercover's description. When, minutes later, the undercover drove by and confirmed the identity of these three men, they were arrested and a search recovered methadone and cash. Whether the arresting officer had probable cause to arrest defendants prior to the undercover officer's confirmatory drive-by, the police had reasonable suspicion to detain the defendants since they matched the undercover's descriptions and such descriptions were sufficiently detailed "given the close spatial and temporal proximity between the drug transaction and the detention" (*People v Rojas*, 281 AD2d 346, 347 [2001], *lv denied* 96 NY2d 834 [2001]).

The motion court's reliance on *People v Simpson* (*supra*) was misplaced, as the issue in *Simpson* was whether probable cause existed. Here, the police had sufficient information to constitute

at least reasonable suspicion warranting defendants' detention, and the suppression motion should have been denied. Concur— Buckley, P.J., Saxe, Marlow, Ellerin and Williams, JJ.