■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ROBERTO ACEVEDO, Respondent.

Defendant was arrested on April 16, 1990 in a lower Manhattan "buy and bust" operation. At the hearing on the motion to suppress, the arresting officer testified that, at 1:25 P.M., he received a radio message from the undercover officer with whom he was working stating that the undercover officer had a "positive buy" on the corner of Clinton and Rivington Streets and describing two male Hispanics, each of whom were approximately 5 feet 6 inches tall, weighed about 145 pounds and had goatees. One was wearing striped pants and a black coat and the other was wearing jeans and a "blue Army coat". One minute later, the arresting officer seized defendant from among approximately 10 people on the corner. Defendant was a male Hispanic, about 5 feet 6 inches, 145 pounds, with a goatee, and was wearing striped pants and a blue Army coat.

Defendant was immediately handcuffed, and, moments later, the undercover officer drove by and identified him as one of the subjects earlier referred to and also noted that he was wearing the jacket that had been worn by the other subject.

At the outset, we reject the People's argument that defendant was not under arrest at the point when he was handcuffed and that it was, therefore, not necessary to establish that the undercover officer's transmission gave rise to probable cause to arrest. While it is well established that the holding of a person briefly for purposes of identification is not the equivalent of an arrest (People v Hicks, 68 NY2d 234), in this case the police intrusion on defendant's liberty went far beyond that necessary to detain him for purposes of identification. Although the application of handcuffs is not always dispositive of whether the detention of a suspect on reasonable suspicion has been elevated into a full-blown arrest (People v Allen, 73 NY2d 378), there is no question that the use of handcuffs is a drastic limitation on the liberty of the detainee and, in the absence of probable cause, may only be resorted to where strongly justified by the circumstances. In this case, the

police had no reason to believe that defendant was either armed or dangerous *(cf., People v Allen, supra)*. Nor was there any indication on the record that the officers had any difficulty restraining defendant or that he gave them any reason to believe that he intended to flee *(cf., People v Crowley,* 156 AD2d 135). In these circumstances, the use of handcuffs clearly elevated the encounter into an arrest.

Defendant having been placed under arrest before he was identified by the undercover officer, the validity of the police conduct is dependent upon whether the arresting officer was in possession of information which would rise to the level of probable cause. Contrary to the hearing court, we conclude that sufficient information to constitute probable cause existed at the time of the arrest. We find, therefore, that the motion to suppress was improperly granted and reverse.

Defendant contends that the description conveyed to the arresting officer was insufficient to establish probable cause that he was the person described. While it is true that certain elements of the description, such as the fact that the subject was a male Hispanic, 5 feet 6 inches tall and weighing 145 pounds, would be too general, without more, to provide probable cause, in this case the description went far beyond that and described the distinctive items of apparel worn by the two men involved in the sale—i.e., striped pants and a blue Army coat. When apprehended, defendant was wearing both the striped pants and precisely the type of coat described as having been worn by the other participant in the sale. Since the immediate exchange of clothing following a drug transaction is a not unusual occurrence, this factor, when added to the others, contributed substantially to the ability of the police to be certain that they had the right man, particularly since defendant was arrested within moments of the sale and at the precise location of the sale. We find that all of these factors, when taken together, were sufficient to establish that at the time of the arrest the arresting officer had probable cause to believe that defendant was one of the men described in the radio transmission.

Defendant alternatively argues that, regardless of the sufficiency of the description received by the arresting officer, the arresting officer's testimony failed to sufficiently establish that the undercover officer had probable cause to believe that defendant had committed a crime, and that, as a consequence, the prosecutor was obligated to call the undercover officer to establish the underlying facts giving rise to his communication that defendant had participated in the sale.

When an arresting officer has acted on the basis of a radio bulletin from a fellow officer who has personal knowledge of the facts transmitted, the reliability of the information conveyed may be presumed, and the People are not required to call the undercover officer to testify at the suppression hearing in order to discharge their burden of coming forward with evidence to establish probable cause *(People v Petralia,* 62 NY2d 47, *cert denied* 469 US 852). It is only when the receiving officer's testimony fails to demonstrate that the sender or sending agency itself possessed the requisite probable cause to act that more will be required in order to sustain the People's burden *(see, Whiteley v Warden,* 401 US 560, 568; *People v Rosario,* 78 NY2d 583; *People v Lypka,* 36 NY2d 210). Here, the testimony at the hearing showed that the undercover officer had informed the arresting officer that the persons described had participated in a "positive buy". Although succinct, the meaning of this statement, *i.e.,* that the officer had purchased drugs from these persons, was completely clear, as was the fact that it was the result of personal observation. This was more than sufficient to establish that the undercover officer possessed the requisite probable cause upon which the receiving officer was entitled to rely. There is no merit to defendant's contention that because the undercover officer implicated two persons in his transmission, the prosecution was obligated to call him as a witness to establish that the behavior which he had observed supported his statement that both men had participated in the sale. While there may be cases in which an accusation by an undercover officer is so unlikely of being a reliable result of observation that it "raises substantial issues relating to the validity of the arrest" *(People v Petralia, supra,* at 52) necessitating the testimony of the undercover officer, an accusation that two persons have participated in a drug sale is not one of them. Concur—Ellerin, J. P., Wallach, Kupferman and Ross, JJ.