■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL SMITH, Appellant. [603 NYS2d 488] —Judgment, Supreme Court, New York County (Joan B. Carey, J., at suppression hearing; Edward Sheridan, J., at trial and sentence), rendered December 5, 1991, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree and sentencing him, as a second felony offender, to a term of 5 to 10 years, unanimously affirmed.

The stationhouse identification of defendant was confirmatory in nature. The trained narcotics officer who made the

identification had watched defendant sell crack, directed his backup team to arrest defendant, and then watched the arrest. Thus the stationhouse procedure, occurring a short time later, was not impermissibly suggestive *(People v Wharton,* 74 NY2d 921).

Defendant's contention that probable cause for his arrest was not established because the only witness called was the backup officer who made the arrest, rather than the officer who allegedly witnessed the illegal activity, is unpreserved as a matter of law and we decline to review it in the interest of justice. Were we to review we would find that it was not necessary for the People to call the officer who witnessed the illegal activity to testify at the suppression hearing *(People v Acevedo,* 179 AD2d 465, 467, *lv denied* 79 NY2d 996).

We further find that the court made a sufficient and thorough inquiry of the pregnant juror to determine that she could not continue her jury service.

We have considered defendant's remaining arguments and find them to be without merit. Concur—Carro, J. P., Kupferman, Asch, Rubin and Nardelli, JJ.