■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LADISLAW SAVERINO, Appellant. [708 NYS2d 606] —Judgment, Supreme Court, New York County (Ronald Zweibel, J.), rendered March 25, 1996, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

Defendant's suppression motion was properly denied. The arresting officer's testimony was sufficient to establish probable cause (*see, People v Maldonado*, 86 NY2d 631). There was no need for the officer to define the term "positive buy" because the phrase has a recognized and accepted meaning in law enforcement (*see, People v Acevedo*, 179 AD2d 465, 467, *lv denied* 79 NY2d 996).

The record establishes that following the court's explanation to defendant of his right to be present at sidebar conferences with prospective jurors, defendant voluntarily, knowingly and intelligently waived such right (*see, People v Vargas*, 88 NY2d 363). We conclude from the totality of the record that the court's warnings to defendant concerning the disadvantages of attending sidebar conferences did not affect the voluntariness of the waiver (*see, People v McLean*, 246 AD2d 445, *lv denied* 91 NY2d 975).

Defendant has failed to preserve his present challenges to various comments by the prosecutor during summation, and we decline to review them in the interest of justice. Were we to review these claims, we would find that the challenged portions of the prosecutor's summation were responsive to defense counsel's summation and were fair comment on the evidence adduced at trial (*see, People v Overlee*, 236 AD2d 133, *lv denied* 91 NY2d 976; *People v D'Alessandro*, 184 AD2d 114, 118-119, *lv denied* 81 NY2d 884).

Defendant's challenges to the court's charge to the jury are unpreserved and we decline to review them in the interest of justice. Were to review these claims, we would find that the court's charge, when read in its entirety, conveyed the proper standards (*see, People v Fields*, 87 NY2d 821). We have

considered and rejected defendant's remaining claims. Concur—Sullivan, P. J., Tom, Mazzarelli, Wallach and Buckley, JJ.