■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN STOKES, Appellant. [708 NYS2d 54] —Judgment, Supreme Court, New York County (Arlene Silverman, J., at suppression hearing; Bruce Allen, J., at jury trial and sentence), rendered February 11, 1998, convicting defendant of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

Defendant's suppression motion was properly denied. There was no requirement that the People produce the undercover drug purchaser at the suppression hearing in order to establish probable cause (*People v Petralia*, 62 NY2d 47, 51-52, *cert denied* 469 US 852). The apprehension team had probable cause to arrest defendant and his two cohorts based on the "ghost" officer's observation of defendant and his two companions in contact with the undercover officer at a park bench, followed by the undercover officer's pre-arranged "positive buy" signal upon leaving the park (*see, People v Ketcham*, 93 NY2d 416, 421). In turn, the backup team was entitled to rely on the knowledge imputed to the ghost, who transmitted the suspects' descriptions and location. Upon arriving at the park entrance, the backup team saw three men who matched the sufficiently detailed joint description standing within a few feet of one another. Contrary to defendant's argument, "[t]here was * * * no uncertainty concerning the identity of the individuals participating in the drug transaction." (*People v Amoateng*, 141 AD2d 398, 400, *lv denied* 73 NY2d 852.) As the suspects were being detained, the ghost transmitted over the radio that the team had apprehended the right persons.

The verdict was based on legally sufficient evidence. The trial evidence established that defendant "steered" the undercover to the other participants and acted as an intermediary during the drug transaction.

The court properly declined to issue an agency instruction. The evidence as a whole failed to support any reasonable view that defendant, who had no relationship with the undercover buyer, acted solely on the buyer's behalf (*see, People v Herring*, 83 NY2d 780). Contrary to defendant's argument, the undercover officer's description of defendant's role as an intermediary cannot be read as supporting an agency defense. Concur— Sullivan, P. J., Nardelli, Ellerin, Wallach and Andrias, JJ.