■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE PATNELLI, Appellant. [713 NYS2d 727] —Judgment, Supreme Court, New York County (Herbert Altman, J., at hearing; Renee White, J., at jury trial and sentence), rendered September 8, 1997, convicting defendant of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 6 to 12 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis upon which to disturb the jury's determinations concerning credibility. There was overwhelming evidence of defendant's participation in the sale, including evidence that he screened the prospective purchaser, acted as a lookout and warned the codefendant of the presence of police officers at the designated meeting place, invited the undercover officer to make further purchases at "our spot", and received part of the prerecorded buy money.

Defendant's suppression motion was properly denied. The arresting officer had probable cause to arrest defendant, based on the ghost officer's observation of defendant in contact with the undercover officer, followed by the undercover officer's prearranged "positive buy" signal (*People v Ketcham*, 93 NY2d 416, 421-422; *People v Stokes*, 271 AD2d 237; *see also, People v Saverino*, 270 AD2d 146).

The court properly exercised its discretion in limiting the introduction by defendant of evidence of wind conditions (*see, People v Aska*, 91 NY2d 979). The court properly received portions of the weather report having relevance to an issue raised by defendant at trial, and properly excluded other portions that lacked a sufficient temporal relationship to the incident. Concur—Sullivan, P. J., Rosenberger, Lerner, Andrias and Friedman, JJ.