■ The People of the State of New York, Respondent, v Thomas Muniz, Appellant. [714 NYS2d 272] —Judgment, Supreme Court, New York County (Mary Davis, J., at hearing; Edward McLaughlin, J., at jury trial and sentence), rendered November 12, 1998, convicting defendant of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to three concurrent terms of 6 to 12 years, unanimously affirmed.

Defendant's suppression motion was properly denied. Probable cause was established by the arresting officer's testimony that the purchasing undercover officer transmitted a "positive" buy signal involving "three individuals" and giving the suspects' location, along with descriptions whose sufficiency is not in dispute. As we stated in *People v Acevedo* (179 AD2d 465, 467, *lv denied* 79 NY2d 996), "[t]here is no merit to defendant's contention that because the undercover officer implicated [several] persons in his transmission, the prosecution was obligated to call him as a witness to establish that the behavior which he had observed supported his statement that [each of the] men had participated in the sale." (*See also, People v Stokes*, 271 AD2d 237; *People v Amoateng*, 141 AD2d 398, *lv denied* 73 NY2d 852.) The arresting officer was entitled to rely on his fellow officer's succinct statement that he had made an

undercover buy and personally observed conduct establishing that three individuals were participants in the sale. The fact that several persons were involved did not raise "substantial issues relating to the validity of the arrest." (*People v Petralia*, 62 NY2d 47, 52, *cert denied* 469 US 852.)

We perceive no abuse of sentencing discretion. Concur— Nardelli, J. P., Ellerin, Wallach, Andrias and Saxe, JJ.