■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDDIE SANTIAGO, Appellant. [749 NYS2d 874] —Judgments, Supreme Court, New York County (James Yates, J., at hearing; Carol Berkman, J., at jury trial, plea and sentence), rendered June 22, 1999, convicting defendant of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and upon his plea of guilty, of bail jumping in the first degree, and sentencing him, as a second felony offender, to an aggregate term of 4½ to 9 years, unanimously affirmed.

Defendant's suppression motion was properly denied. Probable cause was established by the arresting officer's testimony that the purchasing undercover officer, who remained in continuous contact, transmitted a "positive buy" signal involving two individuals, including their description and location (*People v Muniz*, 276 AD2d 346, *lv denied* 96 NY2d 762; *see also People v Gonzalez*, 99 NY2d 76).

Defendant's claim that he was deprived of a fair trial by the court's conduct is not preserved for appellate review (*see People v Charleston*, 56 NY2d 886), and we decline to review it in the interest of justice. Were we to review this claim, we would reject it. The court's participation in the trial and admonitions to defendant concerning the proper examination of witnesses served to clarify the testimony (*see People v Moulton*, 43 NY2d 944). The court's comments could not have been construed by the jury as an expression of the court's opinion on the merits, particularly since the court instructed the jury to the contrary. Concur—Williams, P.J., Nardelli, Ellerin, Rubin and Marlow, JJ.