■ The People of the State of New York, Respondent, v Keith Reyes, Appellant. [765 NYS2d 503] —Judgment, Supreme Court, New York County (Dorothy Cropper, J.), rendered January 30, 2001, convicting defendant, upon his plea of guilty, of attempted criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 3 to 6 years, unanimously affirmed.

The court properly denied defendant's suppression motion. "This Court has repeatedly rejected defendant's argument that the radio transmissions from the undercover officer, relating that a 'positive buy' involving two described individuals had transpired, were insufficient to establish probable cause to arrest defendant because they did not spell out defendant's role in the drug transaction [citations omitted]" (People v Harris, 305 AD2d 282, 282-283 [2003]). Concur—Saxe, J.P., Rosenberger, Williams, Marlow and Gonzalez, JJ.

■ The People of the State of New York, Respondent, v Juan Perez, Appellant. [765 NYS2d 510] —Judgment, Supreme Court, Bronx County (John Moore, J.), rendered June 22, 2001, convicting defendant, after a jury trial, of course of sexual conduct against a child in the first degree, and sentencing him, as a second violent felony offender, to a term of 25 years, unanimously affirmed.

The court properly exercised its discretion in admitting defendant's statement to the effect that he had sexual urges towards children, which was part of the context of a statement he made to the police concerning the charged crime (see People v Alvino, 71 NY2d 233, 242 [1987]). We note that this statement did not suggest that defendant had committed any uncharged crimes or prior bad acts.

The record establishes that defendant received effective assistance of counsel (see People v Benevento, 91 NY2d 708, 713-714 [1998]).

We have considered and rejected defendant's remaining claims, including those contained in his pro se supplemental brief. Concur—Saxe, J.P., Rosenberger, Williams, Marlow and Gonzalez, JJ.