■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRAY BLANDING, Appellant. [974 NYS2d 460]—

Appeal from judgment, Supreme Court, New York County (Charles J. Tejada, J., at suppression hearing; Roger S. Hayes, J., at jury trial and sentencing), rendered June 23, 2006, convicting defendant of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony drug offender, to a term of four years, held in abeyance, and the matter remitted to Supreme Court to make new findings with respect to the probable cause issue based upon the evidence presented at the suppression hearing.

During a buy and bust operation, a ghost undercover detective issued a radio transmission identifying defendant as a participant in a drug sale to another undercover officer. Based on that radio transmission describing defendant and his location, a third officer approached defendant on the sidewalk, identified himself, and asked defendant to put his hands up. When defendant acted "a little resistant," the officer attempted to handcuff him. Defendant then resisted, and the police forcibly handcuffed him.

Defendant moved to suppress on the grounds that his arrest was not based on probable cause. The suppression court denied the motion, ruling that although when the officer stopped the defendant, he did not have probable cause to arrest him based on the information that he had received from the radio transmission, the officer obtained probable cause to arrest defendant after the purchasing undercover officer subsequently radioed

his confirmatory identification. By denying the suppression motion while finding that there was no probable cause to arrest defendant until the confirmatory identification, the court implicitly found that the initial apprehension, which preceded that identification, was a proper temporary detention based on reasonable suspicion and that the application of handcuffs on defendant did not transform the detention into a full-scale arrest.

At the outset, we reject the People's argument that defendant was not under arrest at the point when he was handcuffed. Although the use of handcuffs is not dispositive of whether an investigatory detention on reasonable suspicion has been elevated to an arrest, handcuffing is permissible in such a detention only when justified by the circumstances (*see People v Acevedo*, 179 AD2d 465, 465-466 [1st Dept 1992], *lv denied* 79 NY2d 996 [1992]). In this case, the police had no reason to believe that defendant was either armed or dangerous. Nor was there any indication on the record that defendant offered any resistance prior to the handcuffing, or gave the police any reason to believe that he might flee. The fact that defendant was "a little resistant" when told to put up his hands is not, on its own, sufficient to establish that the officers had any difficulty restraining defendant. Rather, like *Acevedo*, this case presents a situation in which the officers' initial use of handcuffs was not warranted by the threat confronting them (*see People v Allen*, 73 NY2d 378, 380 [1989]; *People v Battaglia*, 56 NY2d 558 [1982]), so that the detention exceeds the proper bounds of an intrusion made on less than probable cause.

However, contrary to the suppression court's finding, it would appear, based on applicable precedents, that the officer did, in fact, have probable cause to arrest defendant, given the operation of the fellow-officer rule (*see People v Washington*, 87 NY2d 945 [1996]), and the specificity of the description transmitted by the ghost officer, when viewed in light of temporal and spatial proximity (*see e.g. People v Johnson*, 63 AD3d 518 [1st Dept 2009], *lv denied* 13 NY3d 797 [2009]). However, inasmuch as we have no "power to review issues either decided in an appellant's favor, or not ruled upon, by the trial court" (*People v Concepcion*, 17 NY3d 192, 195 [2011]), we cannot rule on this issue in the first instance. We therefore hold the appeal in abeyance and remit the matter to Supreme Court for reconsideration of the probable cause issue (*see e.g. People v Washington*, 82 AD3d 570 [1st Dept 2011]). Concur—Andrias, J.P., Friedman, Richter, Manzanet-Daniels and Feinman, JJ.