Appeal from judgment, Supreme Court, New York County (Charles J. Tejada, J., at suppression hearing; Roger S. Hayes, J., at jury trial and sentencing), rendered June 23, 2006, convicting defendant of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony drug offender, to a term of four years, unanimously reversed, on the law, the motion to suppress granted, and the matter remitted to Supreme Court for further proceedings, as appropriate.
During a buy and bust operation, a ghost undercover detective issued a radio transmission identifying defendant as a participant in a drug sale, made to another undercover officer. Based on that radio transmission describing defendant and his location, a third officer approached defendant on the sidewalk, identified himself, and asked defendant to put his hands up. When defendant acted “a little resistant,” the officer attempted to handcuff him. Defendant then resisted, and the police forcibly handcuffed him.
*499 Defendant moved to suppress on the grounds that his arrest was not based on probable cause. The suppression court denied the motion, ruling that although when the officer stopped the defendant, he did not have probable cause to arrest him based on the information that he had received from the radio transmission, the officer obtained probable cause to arrest defendant after the purchasing undercover officer subsequently radioed his confirmatory identification. By denying the suppression motion while finding that there was no probable cause to arrest defendant until the confirmatory identification, the court implicitly found that the initial apprehension, which preceded that identification, was a proper temporary detention based on reasonable suspicion and that the application of handcuffs on defendant did not transform the detention into a full-scale arrest.
At the outset, we reject the People’s argument that defendant was not under arrest at the point when he was handcuffed. Although the use of handcuffs is not dispositive of whether an investigatory detention on reasonable suspicion has been elevated to an arrest, handcuffing is permissible in such a detention only when justified by the circumstances (see People v Acevedo, 179 AD2d 465, 465-466 [1st Dept 1992], lv denied 79 NY2d 996 [1992]). In this case, the police had no reason to believe that defendant was either armed or dangerous. Nor was there any indication on the record that defendant offered any resistance prior to the handcuffing, or gave the police any reason to believe that be might flee.
We do not reach the merits of the People’s argument, made to the hearing court, but rejected by it, that the arresting detective already had probable cause to arrest defendant when he was stopped and before the confirmatory identification. Even assuming the People were correct, we have no “power to review issues . . . decided in an appellant’s favor ... by the trial court” (People v Concepcion, 17 NY3d 192, 195 [2011]). Concur — Friedman, J.P, Andrias, Richter, Manzanet-Daniels and Feinman, JJ.
The decision and order of this Court entered herein on November 19, 2013 (111 AD3d 533 [2013]) is hereby recalled and vacated (see 2014 NY Slip Op 69325[U] [2014] [decided simultaneously herewith]).