■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK OGLESBY, Appellant. [993 NYS2d 764]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (DiMango, J.), rendered June 11, 2012, convicting him of criminal sale of a controlled substance in the fifth degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Firetog, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

After the defendant was arrested and indicted for selling a controlled substance to an undercover police officer, he moved to suppress physical evidence on the ground that the police did not have probable cause to arrest him. The witnesses at the suppression hearing held on the motion testified that, after an undercover police officer made a transmission to a backup team that there had been a "positive buy," along with descriptions of

three men, the defendant, who fit one of the descriptions, was arrested. Neither the primary undercover officer, who participated in the transaction, nor the "ghost" undercover officer, who observed the transaction, testified at the hearing. Further, neither of the two testifying officers, who were part of the backup team, could remember which of the undercover officers had made the transmission. At the close of the suppression hearing, the court denied the defendant's motion to suppress prerecorded buy money, on the ground that there was probable cause to believe that the defendant had participated in a drug sale.

"Under the fellow officer rule, a police officer can make a lawful arrest even without personal knowledge sufficient to establish probable cause, so long as the officer is acting 'upon the direction of or as a result of communication with' a fellow officer . . . in possession of information sufficient to constitute probable cause for the arrest" (*People v Ketcham*, 93 NY2d 416, 419 [1999], quoting *People v Mims*, 88 NY2d 99, 113 [1996]). Probable cause exists when "an officer has knowledge of facts and circumstances sufficient to support a reasonable belief that an offense has been or is being committed" (*People v Maldonado*, 86 NY2d 631, 635 [1995] [internal quotation marks omitted]; *see People v Bigelow*, 66 NY2d 417, 423 [1985]). At a suppression hearing, the prosecution has the burden of establishing that the officer who transmitted the information had probable cause (*see People v Ketcham*, 93 NY2d at 420; *People v Mims*, 88 NY2d at 113).

The fellow officer rule is a "straightforward application" of the two-pronged *Aguilar-Spinelli* test (*see Aguilar v Texas*, 378 US 108 [1964]; *Spinelli v United States*, 393 US 410 [1969]), which New York courts use to assess whether hearsay information is sufficient to establish probable cause for a warrantless arrest or the issuance of a warrant (*People v Parris*, 83 NY2d 342, 346 [1994]; *see People v Dodt*, 61 NY2d 408, 415 [1984]). The *Aguilar-Spinelli* test first requires the suppression court to assess whether the information on which the police have acted is reliable (*see Aguilar v Texas*, 378 US at 114; *People v Ketcham*, 93 NY2d at 423; *People v Bigelow*, 66 NY2d at 423). The second part of the *Aguilar-Spinelli* test evaluates whether the informant had an adequate "basis of knowledge" for the information supplied (*People v Parris*, 83 NY2d at 346-347; *see People v Bigelow*, 66 NY2d at 423). Under the fellow officer rule, "[i]nformation received from another police officer is presumptively reliable" (*see People v Ketcham*, 93 NY2d at 420). The People still, however, must satisfy the second prong of the *Aguilar-*

*Spinelli* test: how the transmitting officer acquired that information.

Here, under the fellow officer rule, the arresting officers were entitled to presume that the information they received from an undercover officer was reliable. Moreover, under the circumstances of this buy and bust operation, it is clear that the transmitting officer, whether it was the ghost undercover officer or the primary undercover officer, had an adequate basis of knowledge for the information transmitted, either from direct participation in the transaction or observation of it. Contrary to the defendant's contention, the undercover officer who made the transmission was not required to delineate the defendant's exact role in the transaction in order to establish probable cause for his arrest (*see People v Washington*, 87 NY2d 945, 946 [1996]; *People v Parker*, 8 AD3d 149, 149 [2004]; *People v Reyes*, 309 AD2d 563, 563 [2003]; *People v Harris*, 305 AD2d 282, 282-283 [2003]; *People v Muniz*, 276 AD2d 346, 346-347 [2000]; *People v Stokes*, 271 AD2d 237, 237 [2000]; *People v Acevedo*, 179 AD2d 465, 467 [1992]). Accordingly, the Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress physical evidence. Dillon, J.P., Balkin, Cohen and Barros, JJ., concur.