■ In the Matter of SHAQUEST C., a Person Alleged to be a Juvenile Delinquent, Appellant. [21 NYS3d 285]—

Appeal from an order of disposition of the Family Court, Kings County (Jacqueline D. Williams, J.), dated April 2, 2015. The order, inter alia, adjudicated Shaquest C. a juvenile delinquent, upon a fact-finding determination, made after a hearing, that he had committed an act constituting unlawful possession of a weapon by a person under 16 years of age and an act which, if committed by an adult, would have constituted the crimes of unlawful possession of a toy or imitation firearm and unlawful possession of an air pistol, and placed him on probation for a period of 16 months. The appeal brings up for review the denial, after a hearing, of that branch of the appellant's omnibus motion which was to suppress physical evidence recovered at the time of his arrest.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The evidence adduced at the suppression hearing established that the pursuit of the appellant was justified. Therefore, the air pistol discarded by him was not subject to suppression on

the ground that it was obtained as a result of unlawful police behavior (*see People v Sierra*, 83 NY2d 928, 930 [1994]; *Matter of Ya-Sin S.*, 122 AD3d 751 [2014]; *People v Williams*, 120 AD3d 1441 [2014]; *People v Soscia*, 96 AD3d 1081 [2012]). Furthermore, the appellant's arrest was proper pursuant to the fellow officer rule (*see People v Oglesby*, 121 AD3d 818, 819 [2014]; *People v Gittens*, 211 AD2d 242, 246 [1995]).

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.*, 69 NY2d 792 [1987]), we find that it was legally sufficient to establish beyond a reasonable doubt that the appellant committed an act constituting unlawful possession of a weapon by a person under 16 years of age and an act which, if committed by an adult, would have constituted the crimes of unlawful possession of a toy or imitation firearm and unlawful possession of an air pistol. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see Matter of Steven L.*, 86 AD3d 613, 614 [2011]; *cf.* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the opportunity of the trier of fact to view the witnesses, hear the testimony, and observe demeanor (*see People v Bleakley*, 69 NY2d 490 [1987]; *Matter of Daniel R.*, 51 AD3d 933 [2008]). Upon reviewing the record here, we are satisfied that the Family Court's fact-finding determination that the appellant committed an act constituting unlawful possession of a weapon by a person under 16 years of age and an act which, if committed by an adult, would have constituted the crimes of unlawful possession of a toy or imitation firearm and unlawful possession of an air pistol, was not against the weight of the evidence (*see* Family Ct Act § 342.2 [2]; *cf. People v Romero*, 7 NY3d 633 [2006]).

The appellant's remaining contentions are without merit. Dillon, J.P., Chambers, Cohen and Hinds-Radix, JJ., concur.