People v Steinbergin (2018 NY Slip Op 02123)





People v Steinbergin


2018 NY Slip Op 02123


Decided on March 27, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 27, 2018

Sweeny, J.P., Manzanet-Daniels, Mazzarelli, Oing, Moulton, JJ.


5941 3958/14

[*1]The People of the State of New York, Respondent,
v
Troy Steinbergin, Defendant-Appellant.


Christina A. Swarns, Office of the Appellate Defender, New York (Margaret E. Knight of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Grace Vee of counsel), for respondent.



Judgment, Supreme Court, New York County (Richard D. Carruthers, J.), rendered November 30, 2015, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony drug offender, to a term of four years, unanimously reversed, on the law, the motion to suppress granted, and the matter remanded for a new trial preceded by an independent source hearing.
During a buy and bust operation, the police made what the suppression court found to be an investigatory stop of defendant, based on reasonable suspicion, followed by a confirmatory identification that provided probable cause to arrest defendant for selling drugs. However, during the stop, but before the identification, the police handcuffed defendant because defendant was "a little irate" and the officer wanted to "make sure nothing escalated."
"Although the use of handcuffs is not dispositive of whether an investigatory detention on reasonable suspicion has been elevated to an arrest, handcuffing is permissible in such a detention only when justified by the circumstances" (People v Blanding, 116 AD3d 498, 499 [1st Dept 2014]). Here, defendant was not suspected of anything more than a street-level drug sale, the police had no reason to believe that he was armed, dangerous or likely to flee, and there was no indication on the record that defendant offered any resistance before he was handcuffed. That defendant was "a little irate" does not establish dangerousness or resistance that would justify the use of handcuffs during an investigatory stop (see id.).
The People maintain that the specificity of the description and the temporal and spatial proximity to the crime provided probable cause to arrest defendant (see People v Rodriguez, 199 AD2d 181, 182 [1st Dept 1993]). However, as defendant notes, the trial court explicitly ruled that the detective lacked probable cause to arrest defendant at the time of his handcuffing. Even assuming the People are correct that probable cause to arrest existed, this Court does not have power to review issues decided in an appellant's favor by the trial court (see People v Concepcion, 17 NY3d 192, 195 [2011]; People v Blanding, 116 AD3d at 499 [refusing to reach the merits of the People's argument, made to but rejected by the hearing court, that the arresting [*2]officer had probable cause to arrest the defendant when he was stopped and before the confirmatory identification]).
Since we are ordering a new trial, we find it unnecessary to reach any other issues.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 27, 2018
CLERK