People v Perez (2019 NY Slip Op 01822)





People v Perez


2019 NY Slip Op 01822


Decided on March 14, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 14, 2019

Acosta, P.J., Manzanet-Daniels, Kapnick, Kahn, Oing, JJ.


8686 2533/15

[*1]The People of the State of New York, Respondent,
v
Jesus Perez, Defendant-Appellant.


Seymour W. James, Jr., The Legal Aid Society (David Crow of counsel), and Davis Polk & Wardwell LLP, New York (Lindsay Schare of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Patricia Curran of counsel), for respondent.



Judgment, Supreme Court, New York County (Arlene D. Goldberg, J.), rendered March 24, 2016, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony drug offender previously convicted of a violent felony, to a term of six years, unanimously reversed, on the law and the facts, defendant's motion to suppress physical evidence and identification testimony granted, and the matter remanded for a new trial preceded by an independent source hearing.
The hearing court expressly determined that the police detention of defendant was supported by reasonable suspicion, but that probable cause did not exist until the undercover officer who allegedly bought drugs from defendant made an identification. Because the record provides no reason for the officers to have concluded that defendant, a suspect in a street drug sale, was armed or dangerous, or likely to resist arrest or flee, handcuffing him was inconsistent with an investigatory detention and elevated the intrusion to an arrest not based on probable cause (see People v Steinbergin, 159 AD3d 591 [1st Dept 2018]; People v Blanding, 116 AD3d 498 [1st Dept 2014]; People v Acevedo, 179 AD2d 465, 465-466 [1st Dept 1992], lv denied 79 NY2d 996 [1992]). Accordingly, the undercover officer's identification of defendant and the buy money recovered as a result of the unlawful arrest should have been suppressed, and defendant is entitled to a new trial preceded by an independent source hearing (see People v Burts, 78 NY2d 20, 23-24 [1991]).
Because we are ordering a new trial, we find it unnecessary
to reach any other issues.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 14, 2019
CLERK